Matthew H. Marmolejo  (SBN 242964)
   *mmarmolejo@mayerbrown.com*
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Tel: (213) 229-9500
Fax: (213) 576-8185

Kelly B. Kramer (*pro hac vice*)
   *kkramer@mayerbrown.com*
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 20006
Tel: (202) 263-3007
Fax: (202) 263-5207

Attorneys for Relator
ISLAND INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ISLAND INDUSTRIES, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>VANDEWATER INTERNATIONAL INC., et al.,<br><br>                    Defendant. | Case No. 2:17-cv-04393-RGK-KS<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC.** |

NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC., CASE NO. 2:17-CV-04393-RGK-KS

733897111.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Island Industries, Inc., is serving the subpoena attached as Exhibit A hereto on FM Global.

The subpoena compels FM Global to produce the documents, including electronically stored information, as set forth in the Requests for Production attached to the subpoena.   The subpoena commands FM Global to produce documents or otherwise make such documents available for inspection at Mayer Brown LLP located at 350 S. Grand Ave., Fl. 25, Los Angeles, California 90071, no later than November 4, 2019 at 9:00 a.m.   No testimony is required by this subpoena.

Dated:  October 4, 2019

MAYER BROWN LLP
MATTHEW H. MARMOLEJO
KELLY B. KRAMER

By: _____
     Matthew H. Marmolejo
Attorneys for Plaintiff-Relator Island Industries, Inc.
Email: mmarmolejo@mayerbrown.com

1

NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION TO ISLAND INDUSTRIES, INC., CASE NO. 2:17-CV-04393-RGK-KS

733897111.1

Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| United States of America ex rel. Island Industries, Inc | ) |
| :--- | :--- |
| *Plaintiff* | ) |
| v. | ) |
| Vandewater International Inc., et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:17-cv-04393-RGK-KS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    FM Global

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Requests for Production of Documents and Instructions listed in Attachment A.

| Place: Mayer Brown LLP<br>350 S. Grand Avenue, Fl. 25<br>Los Angeles, CA 90071 | Date and Time:<br><br>11/04/2019 9:00 am |
| :--- | :--- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| :--- | :--- |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/04/2019

| CLERK OF COURT | OR | *[signature]* |
| :---: | :---: | :---: |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Island Industries, Inc. , who issues or requests this subpoena, are:
Matthew H. Marmolejo, 350 S. Grand Ave., Fl. 25., Los Angeles, CA 90071. mmarmolejo@mayerbrown.com (213) 229-9500.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-04393-RGK-KS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                    *Server's signature*

                                               _____
                                                                    *Printed name and title*

                                               _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A TO SUBPOENA**

Pursuant to Rules 26 and 45(a)(1)(D) of the Federal Rules of Civil Procedure, and pursuant to the preceding Subpoena, Plaintiff-Relator Island Industries Inc., compels FM Global to produce documents and things responsive to each of the categories of documents described in the Requests below.

## **DEFINITIONS**

1.     "YOU" or "YOUR" means FM Global ("FM"), and any of its agents, employees, or representatives, including brokers acting on YOUR behalf.

2.     "DEFENDANTS" means all named defendants in this action, including Vandewater International Inc., Neil Reubens, Anvil International, LLC, Sigma Corporation, Smith Cooper International, and Allied Rubber & Gasket Company.

3.     "RELATING TO" means showing or indicating knowledge of, constituting, comprising (in whole or in part), consisting of, recording, mentioning, regarding or in any manner referring or relating to, either directly or indirectly.

4.     "DOCUMENTS" means all things a party may request any other party to produce and permit the requesting party to inspect and copy pursuant to Rule 34 of the Federal Rules of Civil Procedure, including but not limited to any written or any other tangible thing of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in the actual or constructive possession, custody, or control of Plaintiff, such as letters, correspondence, notes, intranet and internet e-mail, films, transcripts, telegrams, teletype messages, contracts and agreements (including drafts, proposals and any modifications thereof), affidavits, licenses, memoranda, transcripts, recordings of telephone conversations or personal conversations, microfilm, microfiche, books, newspapers, advertisements, periodicals, bulletins, circulars, pamphlets, statements,

733897191.1

notices, memoranda for file, pencil jottings, diaries, dairy entries, appointment books, desk calendars, desk calendar entries, expense accounts, recorded recollections and any other written form or notation of events or intentions, minutes and/or resolutions (including any attachments or exhibits thereto, draft minutes, resolutions and agendas), expressions and/or statements of policy, lists of persons attending meetings and conferences, rules, regulations, directions, intraoffice or interoffice communications, reports, records, bills, billing statements, financial records, financial statements, books of accounts, proposals, prospectuses, offers, orders, receipts, analyses, audits, computations, projections, tabulations, blueprints, plans, records, reports, files, writings, drawings, graphs, charts, photographs, phonorecords and other data compilations from which this information can be obtained (translated, if necessary, into reasonably usable form), invoices, working papers, time sheets, logs, movies, tapes for visual audio reproduction, video or audio recordings, magnetic computer tapes and discs, reports and/or summaries of investigations, opinions and/or reports of consultants, appraisals, reports and/or summaries of negotiations, proposals, computer printouts or punch cards, or material similar to any of the foregoing, however denominated by Defendant.  The term "document" or "documents" shall include all copies of each document if the copies contain any additional writing or are not identical copies of the originals.

5.      "CHINESE MANUFACTURERS" means any person, factory, or entity that has sought permission to use the FM Global mark or certification in connection with WELDED OUTLETS made, in whole or part, in the People's Republic of China.

6.      "WELDED OUTLETS" means a forged or formed, threaded or grooved fitting meeting the ASTM A53 standard that is commonly used in fire protection systems.  WELDED OUTLETS conform with the requirements of NFPA 13 and typically are rated for 300 PSI.  WELDED OUTLETS have been marketed

2

ATTACHMENT A TO ISLAND INDUSTRIES, INC., SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC., CASE NO. 2:17-CV-04393-RGK-KS

733897191.1

in the United States under a variety of names, including (but not limited to) "Sprink-let," "Weld-Out-Let," Weld-O-Let," "Welding Outlet," "Pipe Outlet," "Safe-Let," "Uni-Let," "COOPLET," "UL-FM-O-Let," "T-Let," "SPF-OLET," "Groove-O-Let," "Grooved Outlet," and "Grooved Shaped Nipples."

7.     "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

8.     "Any" and "All" shall be construed to include "each" and "each and every" and vice versa, so as to acquire the broadest meaning possible.

## INSTRUCTIONS

1.     Documents, and all non-identical drafts, are to be produced in their entirety as they are maintained in the ordinary course of business without abbreviation or redaction. Color copies of documents are to be produced where color is necessary to interpret or understand the contents. To the extent Documents are produced in hardcopy, each document is to be produced stapled, clipped or otherwise bound or connected in the same manner as the original. File folders with tabs or labels or directories of files identifying documents are to be produced intact with such documents, and Documents attached to each other are not to be separated.

2.     If any document, communication or electronic information, or any portion thereof, responsive to a Request is withheld as privileged or subject to other protection, (a) expressly state the nature of the privilege claim or protection and (b) describe the nature of the documents, communications or electronic information withheld in a manner that will enable the parties in this case to assess the claim.

3.     If any Document requested has been lost, discarded, or destroyed since

3

its creation, identify the nature of the Document (e.g., letter, email, etc.), the Date of the Document, the Persons who sent and received the original and any copy of the Document, a summary of the content of the Document and Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

4.      In responding to these requests, if You encounter any ambiguity in construing either the request or any instruction relevant to the request, You should nonetheless respond to the request, set forth the matter deemed ambiguous, and set forth the construction used in responding to the request. Any ambiguity encountered shall be resolved so as to construe these requests as broadly as possible. For any term used herein not specifically defined, the common and usual meaning of such term is intended.

5.      If no documents exist that are responsive to a particular Request, state that fact in your response to each such Request.

6.      The period of time encompassed by these requests shall be from the earliest date that any Defendant submitted to You, a manufacture request to commence the FM certification process, to present date.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS RELATING TO DEFENDANTS' WELDED OUTLETS.

### REQUEST FOR PRODUCTION NO. 2

All DOCUMENTS RELATING TO CHINESE MANUFACTURER'S WELDED OUTLETS.

### REQUEST FOR PRODUCTION NO. 3

All DOCUMENTS RELATING TO WELDED OUTLETS manufactured, in

4

ATTACHMENT A TO ISLAND INDUSTRIES, INC., SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC., CASE NO. 2:17-CV-04393-RGK-KS

733897191.1

1    whole or in part, in Vietnam, including but not limited to pending applications to
2    use the FM listing for WELDED OUTLETS manufactured in Vietnam.

3    **REQUEST FOR PRODUCTION NO. 4**

4         All DOCUMENTS RELATING TO WELDED OUTLETS manufactured, in
5    whole or in part, in India, including but not limited to pending applications to use
6    the FM listing for WELDED OUTLETS manufactured in India.

7    **REQUEST FOR PRODUCTION NO. 5**

8         All DOCUMENTS RELATING TO WELDED OUTLETS manufactured, in
9    whole or in part, by any and all suppliers of WELDED OUTLETS approved by
10   YOU.

11

12

13

14   Dated:  October 4, 2019                    MAYER BROWN LLP
                                                MATTHEW H. MARMOLEJO
15                                              KELLY B. KRAMER

16

17                                              By: _/s/_ Matthew H. Marmolejo
                                                    Matthew H. Marmolejo

18                                              Attorneys for Plaintiff-Relator Island
19                                              Industries, Inc.

20

21

22

23

24

25

26

27

28

ATTACHMENT A TO ISLAND INDUSTRIES, INC., SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC., CASE NO.
2:17-CV-04393-RGK-KS

733897191.1

1

## PROOF OF SERVICE

2

I, Simoné Hernandez, declare:

3

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Mayer Brown LLP, 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503.  On October 4, 2019, I served a copy of the within document(s):

4

5

On October 4, 2019, I served a copy of the following document(s):

6

**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION TO ISLAND INDUSTRIES, INC.**

7

8

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day (or one business day afterward) with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

13

14

Allied Rubber & Gasket Company
Attention: Siy Belfi – Director
3145 Tiger Run Ct., Suite 105
Carlsbad, CA 92010

15

16

17

18

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

Executed on October 4, 2019 at Los Angeles, California.

20

21

_____
Simoné Hernandez

22

23

24

25

26

27

28

PROOF OF SERVICE; CASE NO. 2:17-CV-04393-RGK-KS