Carmen Lo (SBN 280441)
Email: carmen.lo@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Lucius B. Lau (*pro hac vice*)
Email: alau@whitecase.com
James P. Gagen (*pro hac vice*)
Email: jgagen@whitecase.com
WHITE & CASE LLP
701 13th Street, N.W.
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for Defendant,
SIGMA CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ISLAND INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VANDEWATER INTERNATIONAL INC., et al., <br><br> Defendant. | Case No. 2:17-cv-04393-RGK-KS <br><br> **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br> **[As Amended by the Court]**[1] |

### I. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, and any other applicable orders and rules. Nothing in this

---

[1] The Court's deletions are indicated by strikethrough and additions to the text are in **bold.**

order is intended to alter or affect any party's rights or obligations under **the Federal Rules of Civil Procedure or** any order by the Court**.** ~~, but shall be construed instead, wherever possible, as consistent with any order by the Court.~~

## II.   COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations, but nothing in this order shall affect a producing party's right to seek reimbursement for costs associated with collection, review, and/or production of ESI.

## III.   PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) No Backup Restoration is Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, any cloud-based backup storage, and other forms of media, to comply with its discovery obligations in the present case.

   b) These data sources are deemed not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and ESI from these sources need not be preserved: voicemails, text messages, instant or real-time messages and message channels, PDAs and mobile phones, audio and video files, and server, system, or network logs.

## IV. SEARCH

The parties agree that search methodologies will be reasonable and proportionate and to meet and confer regarding search methodologies.

## V. PRODUCTION FORMATS

As described in detail below and in Appendix 1, the parties agree to produce documents in TIFF format, with the exception of certain native format files set forth below. If particular documents warrant production in formats other than the formats set forth below, the parties will cooperate to arrange for the mutually acceptable production of such documents. Regardless of the format, the parties agree not to degrade the searchability of documents as part of the document production process.

Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, the metadata fields listed in Appendix 1 shall generally be included in the production if such information exists and such metadata is reasonably accessible.

In accordance with the above, and absent other agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

a) General Document Image Format. Each electronic document shall be produced in single-page Group IV 300 DPI Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape) where reasonably possible. TIFFs should display text and images which would be visible to the reader using the native software that created the document. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments

and/or affixed notes shall be maintained as they existed in the original document.

b) Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c) Footer. All images must be assigned a unique Bates number that is sequential within a given document and across the production sets.

d) Security. Both parties will make reasonable efforts to ensure that any productions made are free from viruses and provided on encrypted media.

e) Confidentiality Designation. Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.

f) Native Files. Spreadsheet files (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) that are maintained in their native format shall be produced in either their native file format or MS Excel format whenever technologically feasible. TIFF images of such files need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in Appendix 1. A TIFF placeholder

indicating that the document was provided in native format should accompany the database record and should indicate the Bates number, filename, and confidentiality designation for the document. To the extent practicable, each responsive document produced in native format shall also have its confidentiality designation identified in the filename of the native file. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

g) Color. No party is required to produce documents in color in the first instance. The receiving party may make reasonable requests for production of certain documents in color where color is material to the interpretation of the document. In such case, the document should be produced as single-page, 300 DPI with a minimum quality level of 75, 24-bit, color JPG images. The producing party shall not unreasonably deny such requests.

h) Culling and Filtering. Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary files, Dynamic Link Library, Event Log Files, Executables Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files,

Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

 i) De-Duplication. Each Party may globally de-duplicate (i.e. across custodians) using commercially acceptable e-Discovery methodology that utilizes either MD5 or SHA1 cryptographic hash values to de-duplicate ESI at the family or parent level. The identity of the primary custodian that possessed all de-duplicated items at the time of production shall be provided in the "Custodian" field of the single record that is produced. The identity of the primary custodian and other processed and agreed-upon custodians that possessed all de-duplicated items at the time of production shall be provided in the "All Custodians" field of the single record that is produced. Each party may also de-duplicate emails in such a way as to eliminate earlier or incomplete chains of emails and produce only the most complete iteration of an email chain ("email thread suppression"). If a producing party elects to utilize such email thread suppression for its productions, it shall use commercially acceptable e-Discovery software to do so (e.g., Relativity Analytics, Brainspace, etc.).

## VI. PHASED DISCOVERY

When any party propounds discovery requests pursuant to Fed. R. Civ. P. 34, all of the parties agree to negotiate in good faith requests by the propounding party to phase the production of ESI.

## VII. DOCUMENTS PROTECTED FROM DISCOVERY

 a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-

product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that on its face contains privileged matter or attorney work product shall be immediately returned if discovered by the receiving party.

b) Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.

c) The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

## VIII. CLAWBACK

a) Any party seeking to recall documents pursuant to the Protective Order in this matter and/or Fed. R. Evid. 502 shall follow the following procedure to ensure all copies of such documents are appropriately removed from the receiving party's system:

1. Locate each recalled document in the document review/production database and delete the record from the database;

2. If there is a native file link to the recalled document, remove the native file from the network path;

3. If the database has an image load file, locate the document image(s) loaded into the viewing software and (1) delete the image file(s) corresponding to the recalled document; (2) remove the line(s) corresponding to the document image(s) from the image load file;

4. Apply the same process to any additional copies of the document or database, where possible;

5. Locate and destroy all other copies of the document, whether in electronic or hardcopy form. To the extent that copies of the document are contained on write-protected media, such as CDs or DVDs, these media shall be discarded, with the exception of production media received from the recalling party, which shall be treated as described under subparagraph (6);

6. If the document was produced in a write-protected format, the party seeking to recall the document shall, at its election, either (i) provide a replacement copy of the relevant production from which the document has been removed, in which case the receiving party shall discard the original production media; or (ii) allow the receiving party to retain the original production media, in which case the receiving party shall take steps to ensure that the recalled document will not be used; *and*

7. Confirm that the recall of documents under this procedure is complete by way of letter to the party seeking to recall documents.

## IX. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties

1 | ~~or~~ by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 30, 2019     By: */s/ Lucius B. Lau*

Carmen Lo (SBN 280441)
Email: carmen.lo@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Fax: (213) 452-2329

Lucius B. Lau (*pro hac vice*)
Email: alau@whitecase.com
James P. Gagen (*pro hac vice*)
Email: jgagen@whitecase.com
WHITE & CASE LLP
701 13th Street, N.W.
Washington, DC 20005-3807
Telephone: (202) 626-3600
Fax: (202) 639-9355

***Attorneys for Sigma Corporation***

Dated: December 30, 2019     By: */s/ Joseph A. Rillotta*

Ryan Matthew Salzman (SBN 299923)
Email: ryan.salzman@dbr.com
DRINKER BIDDLE AND REATH LLP
1800 Century Park East Suite 1500
Los Angeles, CA 90067-1504
Telephone: (310) 203-4000
Fax: (310) 229-1285

Joie C. Hand (*pro hac vice*)
Email: joie.hand@dbr.com
Joseph A. Rillotta (*pro hac vice*)
Email: joseph.rillotta@dbr.com
Thomas J Kelly, Jr. (*pro hac vice*)
Email: thomas.kelly@dbr.com
DRINKER BIDDLE AND REATH LLP
1500 K Street NW Suite 1100
Washington, DC 20005
Telephone: (202) 230-5108
Fax: (202) 842-8465

***Attorneys for Vandewater International Inc.***

| | | |
|---|---|---|
| Dated: December 30, 2019 | By: | */s/ Marc J. Tobak* |

Brian E. Klein (SBN 258486)
Email: bklein@bakermarquart.com
Teresa Lenore Huggins (SBN 263257)
Email: thuggins@bakermarquart.com
BAKER MARQUART LLP
777 South Figueroa Street, Suite 2850
Los Angeles, CA 90017
Telephone: (424) 652-7800
Fax: (424) 652-7850

Neil H. MacBride (*pro hac vice*)
Email: neil.macbride@davispolk.com
Paul S. Mishkin (*pro hac vice*)
Email: paul.mishkin@davispolk.com
Marc J. Tobak (*pro hac vice*)
Email: marc.tobak@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Fax: (212) 701-5800

***Attorneys for Smith-Cooper International***

Dated:  December 30, 2019          By: */s/ J. Michael Taylor*

Blythe G. Kochsiek (SBN 285389)
Email: bkochsiek@kslaw.com
KING AND SPALDING LLP
633 West 5th Street Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4350
Fax: (213) 443-4310

Christopher C. Burris (*pro hac vice*)
Email: cburris@kslaw.com
KING AND SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 572-4708
Fax: (404) 572-5100

Daniel L. Schneiderman (*pro hac vice*)
Email: dschneiderman@kslaw.com
J. Michael Taylor (*pro hac vice*)
Email: jmtaylor@kslaw.com
KING AND SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 626-2385
Fax: (202) 626-3737

***Attorneys for Anvil International, LLC***

| | |
|---|---|
| Dated: December 30, 2019 | By: */s/ Matthew H. Marmolejo* <br><br> Matthew H. Marmolejo (SBN 242964) <br> Email: mmarmolejo@mayerbrown.com <br> MAYER BROWN LLP <br> 350 South Grand Avenue, 25th Floor <br> Los Angeles, CA 90071-1503 <br> Telephone: (213) 229-9500 <br> Fax: (213) 576-8185 <br><br> Kelly B. Kramer (*pro hac vice*) <br> Email: kkramer@mayerbrown.com <br> MAYER BROWN LLP <br> 1999 K Street, NW <br> Washington, D.C. 20006 <br> Telephone: (202) 263-3007 <br> Fax: (202) 263-5207 <br><br> ***Attorneys for Relator, Island Industries, Inc.*** |

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: January 2, 2020          _/s/ Karen L. Stevenson_
                                                    U.S. MAGISTRATE JUDGE

## **ATTESTATION FOR SIGNATURES**

I, Lucius B. Lau, am the ECF user whose user ID and password authorized the filing of this document. Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I attest that all signatories to this document have concurred and authorized this filing.

Dated: December 30, 2019          By:   */s/ Lucius B. Lau*

                                                         Lucius B. Lau

# APPENDIX 1

A. **Production Components.** Productions shall include, in addition to single page TIFFs and Text Files, (a) an ASCII delimited metadata file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

B. **Production Media.** The Producing Party shall produce documents on readily accessible, computer or electronic media including CD-ROM, DVD, external hard drive (with standard PC compatible interface or access to a secure Online Repository agreed upon by the parties) or via secure FTP site.

C. **Image Load File** shall contain the following comma-delimited fields:
Opticon Image Load File (.opt) Configuration – Page level comma-delimited file containing seven fields per line. BEGBATES, VolumeLabel, ImageFilePath, DocumentBreak, FolderBreak, BoxBreak, PageCount

D. **Metadata Load File** shall be delimited according to the following characters:
- Delimiter = (ASCII 020)
- Text-Qualifier = þ (ASCII:00254)

E. The following **Metadata Fields** shall appear in the metadata load file:

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| SUBJECT | Subject line of e-mail |
| SENT DATE/TIME | Date & Time the email was sent. Formatted as: mm/dd/yyyy hh:mm:ss |
| RECEIVED DATE/TIME | Date & Time the email was received. Formatted as: mm/dd/yyyy hh:mm:ss |
| CREATED DATE/TIME | Date & Time the record was created. Formatted as: mm/dd/yyyy hh:mm:ss |

| LAST MODIFIED DATE/TIME | Date & Time the record was last modified. Formatted as: mm/dd/yyyy hh:mm:ss |
|---|---|
| TO | All recipients that were included on the "To" line of the e-mail |
| FROM | The name and e-mail address of the sender of the e-mail |
| CC | All recipients that were included on the "CC" line of the e-mail |
| BCC | All recipients that were included on the "BCC" line of the e-mail |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc only) |
| DOCEXT | The file extension of the document is defined as the substring of the file name which follows but does not include the last occurrence of the dot character |
| FILEPATH | Relative path to files in the production |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc only) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc only) |
| PARENTDATE | Date of parent file |
| MD5HASH | Checksum for a file, a 128-bit value. |
| NATIVELINK | Native File Link (Native Files only) |
| REDACTED | Indicate whether redacted or not |
| CONFIDENTIAL | Indicate level of confidentiality |
| PROD_VOLUME | The name of production volume. |
| ITEM TYPE | The record type of a document (*i.e.,* Email Attachment, or Edoc). |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated |
| ALL_CUSTODIANS | Name(s) of All Custodians associated with the record including where documents have been removed as a duplicate, if possible. |

| GROUP IDENTIFIER | Identifier of a document's family group. |
|---|---|
| TIMEZONE | Three letter reference to reflect time zone data was processed in. |
| SHA1 | SHA1 Hash algorithm to uniquely identify file. |
| FULL TEXT | The path to the full extracted text or OCR of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers.<br><br>If the attachment or e-file does not extract any text, then OCR for the document should be provided (only to the extent the Producing Party OCR's the document for their own benefit). |

- 15 -
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION
(Case No 2:17-cv-04393-RGK-KS)