MAYER BROWN LLP
MATTHEW H. MARMOLEJO (SBN 242964)
 *mmarmolejo@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
 *mhendy@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Tel:  (213) 229-9500
Fax: (213) 576-8185

MAYER BROWN LLP
KELLY B. KRAMER (*pro hac vice*)
 *kkramer@mayerbrown.com*
1999 K Street, NW
Washington, D.C. 20006
Tel:  (202) 263-3007
Fax: (202) 263-5207

Attorneys for Plaintiff-Relator
ISLAND INDUSTRIES, INC.

[*additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ISLAND INDUSTRIES, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>VANDEWATER INTERNATIONAL INC., et al.,<br><br>                    Defendants. | Case No. 2:17-cv-04393-RGK-KS<br><br>**JOINT MOTION TO DISMISS DEFENDANT SMITH-COOPER INTERNATIONAL BY CONFIDENTIAL SETTLEMENT**<br><br>*(Memorandum of Points and Authorities; [Proposed] Order Filed Concurrently Herewith)*<br><br>Date: April 26, 2021<br>Time: 9:00 A.M.<br>Dept: 850<br>Judge: Hon. Gary Klausner |

1  **TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE**
2  **COUNSEL OF RECORD:**

3       PLEASE TAKE NOTICE that on April 26, 2021 at 9:00 A.M., or as soon
4  thereafter as may be heard in Courtroom 850 of the above-entitled court, at the
5  Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles,
6  CA 90012, before the Honorable Judge Klausner, Plaintiff-Relator Island Industries,
7  Inc. and Defendant Smith-Cooper International, Inc. (together as the "Parties") will
8  jointly move – and hereby do move – this Court to dismiss Defendant Smith-Cooper
9  International from the above-captioned action pursuant to Federal Rule of Civil
10 Procedure 41(a)(2).  The Parties premise this Joint Motion upon this Notice of
11 Motion, the Memorandum of Points and Authorities attached hereto, the anticipated
12 written consent of the Department of Justice, and such oral and documentary
13 evidence as may be presented at any hearing on this Motion, including the
14 confidential settlement agreement.  The parties have informed counsel for the
15 remaining Defendants, who have indicated that they do not oppose this Motion.

16 Dated: March 29, 2021

17                          MAYER BROWN LLP

18                          */s/  Matthew H. Marmolejo*
19                          Matthew H. Marmolejo
                            Attorneys for Plaintiff-Relator
20                          ISLAND INDUSTRIES, INC.

21                          DAVIS POLK & WARDWELL LLP
22
23                          */s/ Neil H. MacBride*
                            Neil H. MacBride
24                          Attorneys for Defendant
25                          SMITH COOPER INTERNATIONAL, INC.

26

27

28

-1-

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3

4

5

Plaintiff-Relator Island Industries, Inc. ("Island") and Defendant Smith-Cooper International, Inc. ("SCI") (collectively, as the "Parties") hereby file this Joint Motion to Approve the Settlement Agreement and to dismiss claims against Defendant SCI.

6

## **I.    STATEMENT OF FACTS**

7

8

9

10

11

12

13

14

15

16

On June 13, 2013 Island filed a *qui tam* action in this Court, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. section 3729, *et seq*.  On December 3, 2018, the United States notified the Court that it had elected not to intervene in the case as of that time.  Thereafter, Island, as Plaintiff-Relator, served the complaint and summons on all defendants, including SCI.  Island subsequently filed its First Amended Complaint [ECF No. 97] alleging, among other things, that SCI had failed to pay antidumping duties applicable to its importation of welded outlets from China in violation of U.S. law.  Island also alleged that during that process, SCI submitted false information to the United States regarding the applicability and amount of antidumping duties owed.

17

18

19

20

21

22

23

24

25

26

The Parties have vigorously litigated the matter. The Parties have now resolved the issues relating to SCI by way of confidential settlement (which Island has submitted to the Court in an application to file under seal [ECF No. 365-1]). Accordingly, the Parties move this Court to dismiss Island's claims against SCI but to maintain jurisdiction over the action to enforce the terms of the settlement and, if necessary, to adjudicate issues relating to Relator's share of the recovery.  Consistent with and subject to the terms and conditions of the Settlement Agreement, the United States consents to the dismissal of the claims against SCI.  The Parties understand that the United States will confirm its consent to the settlement through a separate pleading, expected to be filed this week.

27

28

## II.   ARGUMENT

The Ninth Circuit has held that, when the government declines to intervene in an FCA case, a relator has broad authority to litigate and settle the action.  *See U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 725 (9th Cir. 1994).  Here, the Parties have reached a confidential settlement. The Parties are satisfied that the terms of the settlement are fair and appropriate. Indeed, the settlement terms are the product of extensive arm's-length negotiations and reflect a compromise position that took into account the strength of the claims and defenses, the availability of evidence, and the litigation risks to both parties.

The United States, having reviewed the settlement terms, has informed the Parties it intends to file a pleading confirming that it consents to the settlement and to the dismissal of SCI, based on its determination that such a dismissal is commensurate with the public interest. Accordingly, pursuant to the terms of the confidential settlement agreement reached between the Parties, Island requests that the Court dismiss all claims against SCI, but that the Court retain jurisdiction to enforce the settlement and to adjudicate, if necessary, Relator's claim to a share of the proceeds of the Civil Action pursuant to 31 U.S.C. § 3730(d).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

In light of the foregoing, the Parties move this Court to approve the settlement agreement and dismiss Island's claims against Defendant SCI with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).


Dated: March 29, 2021                    MAYER BROWN LLP

                                         */s/  Matthew H. Marmolejo*
                                         Matthew H. Marmolejo (SBN 242964)
                                         Kelly B. Kramer (*pro hac vice*)
                                         C. Mitchell Hendy (SBN 282036)
                                         Attorneys for Plaintiff-Relator
                                         ISLAND INDUSTRIES, INC.


Dated: March 29, 2021                    DAVIS POLK & WARDWELL LLP

                                         */s/ Neil H. MacBride*
                                         Neil H. MacBride (*pro hac vice*)
                                         Paul S. Mishkin (*pro hac vice*)
                                         Marc J. Tobak (*pro hac vice*)

                                         WAYMAKER LLP
                                         Brian E. Klein (SBN 258486)
                                         Teresa Huggins (SBN 263257)
                                         Attorneys for Defendant
                                         SMITH COOPER INTERNATIONAL,
                                         INC.

1

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the content of this document is acceptable to Neil H. MacBride, counsel for defendant Smith-Cooper International, who has authorized the filing.

*/s/  Matthew H. Marmolejo*
Matthew H. Marmolejo

Attorneys for Plaintiff-Relators
ISLAND INDUSTRIES, INC.