Mark Gustafson (SBN 198902)
Email: mgustafson@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Christopher M. Curran (*pro hac vice*)
Email: ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
Email: alau@whitecase.com
James P. Gagen (*pro hac vice*)
Email: jgagen@whitecase.com
WHITE & CASE LLP
701 13th Street, N.W.
Washington, DC 20005-3807
Telephone:   (202) 626-3600
Facsimile:   (202) 639-9355

Attorneys for Defendant,
SIGMA CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. ISLAND INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VANDEWATER INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 2:17-cv-04393-RGK-KS<br><br>**PLAINTIFF ISLAND INDUSTRIES, INC. AND DEFENDANT SIGMA CORPORATION'S JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Judge:          Hon. R. Gary Klausner<br>Trial Date:    August 17, 2021<br>Courtroom:   850<br>Time:           9:00 a.m. |

Pursuant to Section 2 of the Court's Order for Jury Trial (Dkt. 136), Plaintiff-Relator Island Industries, Inc. ("Plaintiff") and Defendant Sigma Corporation ("Sigma") hereby submit their proposed joint jury instructions, set forth in Exhibit A to this submission.

1    Both parties expressly reserve their rights to add, amend or withdraw

2 instructions pending the Court's determination of the party's respective Motions *in*

3 *Limine* as well as the Court's rulings up to and through the trial.

4

5

6 Dated:  August 1, 2021          WHITE & CASE LLP

7

8                          By: *s/ Lucius B. Lau*

9                              Christopher M. Curran (*pro hac vice*)
                               Lucius B. Lau (*pro hac vice*)
                               James P. Gagen (*pro hac vice*)
10                             Mark Gustafson

11                          Attorneys for Defendant
                            SIGMA CORPORATION
12

13

14 Dated:  August 1, 2021          By: */s/Matthew H. Marmolejo*

15                             Kelly B. Kramer
                               Matthew H. Marmolejo
16                             C. Mitchell Hendy

17
                            MAYER BROWN LLP
18                          *Attorneys for Plaintiff-Relator*
                            ISLAND INDUSTRIES, INC.
19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2          Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the content of this

3   document is acceptable to counsel for Plaintiff-Relator Island Industries, Inc.,

4   Matthew H. Marmolejo, who has authorized this filing.

5

6                                          */s/ Lucius B. Lau*

7                                          Lucius B. Lau (pro hac vice)

8                                          WHITE & CASE, LLP

9                                          Attorney for Defendant

10                                         SIGMA CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

## Joint Proposed Jury Instructions

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1.6 | What is Evidence | 9th Cir. 1.9 | 7 |
| 1.7 | What is Not Evidence | 9th Cir. 1.10 | 8 |
| 1.7A | Evidence for Limited Purpose | 9th Cir. 1.11 | 9 |
| 1.8 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 10 |
| 1.9 | Ruling on Objections | 9th Cir. 1.13 | 11 |
| 1.10 | Credibility of Witnesses | 9th Cir. 1.14 | 12 |
| 1.12 | Conduct of Jury | 9th Cir. 1.15 | 14 |
| 1.13 | Bench Conferences and Recesses | 9th Cir. 1.20 | 16 |
| 1.14 | Outline of Trial | 9th Cir. 1.21 | 17 |
| 1.15 | Duty of Jury (End of Case) | 9th Cir. 1.4 | 18 |
| 2.1 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 19 |
| 2.2 | Use of Interrogatories | 9th Cir. 2.11 | 20 |
| 2.3 | Expert Opinion | 9th Cir. 2.13 | 21 |
| 3.1 | Duty to Deliberate | 9th Cir. 3.1 | 22 |
| 3.2 | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 23 |
| 3.3 | Communication with Court | 9th Cir. 3.3 | 25 |
| 3.4 | Return of Verdict | 9th Cir. 3.5 | 26 |
| 3.5 | Additional Instruction | 9th Cir. 3.6 | 27 |
| 4.1 | Liability of Corporations – Scope of Authority Not in Issue | 9th Cir. 4.2 | 28 |
| 4.2 | Agent and Principal | 9th Cir. 4.4 | 29 |
| 4.3 | Agent – Scope of Authority Defined | 9th Cir. 4.5 | 30 |
| 5.1 | Applicable Customs Laws | 14 U.S.C. § 1484; | 21 |

| | | | |
|---|---|---|---|
| | | 19 U.S.C. § 1673; 19 U.S.C. § 1675; 19 CFR § 141.61; *Wheatland Tube Co. v. United States*, 495 F. 3d 1355 (Fed. Cir. 2007); *Duferco Steel, Inc. v. United States*, 296 F. 3d 1087 (Fed. Cir. 2002); CBP Form 7501 | |

# WHAT IS EVIDENCE

## Proposed Instruction No. 1.6[1]

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I [may instruct] [have instructed] you to accept as proved.

---

[1] Ninth Circuit Model Civil Jury Instruction No. 1.9 (2017).

# WHAT IS NOT EVIDENCE

## Proposed Instruction No. 1.7[2]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)   Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[2] Ninth Circuit Model Civil Jury Instruction No. 1.10 (2017)

PLAINTIFF ISLAND INDUSTRIES, INC. AND DEFENDANT
SIGMA CORPORATION'S JOINT PROPOSED JURY                    - 8 -                    CASE NO. 2:17-CV-4393-RGK
INSTRUCTIONS

**EVIDENCE FOR LIMITED PURPOSE**

**Proposed Instruction No. 1.7A[3]**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

---

[3] Model Civ. Jury Instr. 9th Cir. 1.11 (2020).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

### Proposed Instruction No. 1.8[4]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[4] Ninth Circuit Model Civil Jury Instruction No. 1.12 (2017).

# RULING ON OBJECTIONS

## Proposed Instruction No. 1.9[5]

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[5] Ninth Circuit Model Civil Jury Instruction No. 1.13 (2017).

# CREDIBILITY OF WITNESSES

## Proposed Instruction No. 1.10[6]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

---

[6] Ninth Circuit Model Civil Jury Instruction No. 1.14 (2017).

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# CONDUCT OF THE JURY

## Proposed Instruction No. 1.12[7]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

---

[7] Ninth Circuit Model Civil Jury Instruction No. 1.15 (2017).

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**BENCH CONFERENCES AND RECESSES**

**Proposed Instruction No. 1.13[8]**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[8] Ninth Circuit Model Civil Jury Instruction No. 1.20 (2017).

# OUTLINE OF TRIAL

## Proposed Instruction No. 1.14[9]

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Relator will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the Relator may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[9] Ninth Circuit Model Civil Jury Instruction No. 1.21 (2017).

**DUTY OF JURY (END OF TRIAL)**

**Proposed Instruction No. 1.15**[10]

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[10] Model Civ. Jury Instr. 9th Cir. 1.4 (2020).

1
2
3
4

## DEPOSITION IN LIEU OF LIVE TESTIMONY
### Proposed Instruction No. 2.1[11]

5
6
7
8
9

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

10
11
12
13

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

14
15
16

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

17
18
19
20
21
22
23
24
25
26
27
28

---

[11] Ninth Circuit Model Civil Jury Instruction No. 2.4 (2017).

PLAINTIFF ISLAND INDUSTRIES, INC. AND DEFENDANT
SIGMA CORPORATION'S JOINT PROPOSED JURY
INSTRUCTIONS

- 19 -

CASE NO. 2:17-CV-4393-RGK

# USE OF INTERROGATORIES

## Proposed Instruction No. 2.2[12]

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

---

[12] Ninth Circuit Model Civil Jury Instruction No. 2.11 (2017).

## EXPERT OPINION

### Proposed Instruction No. 2.3[13]

You [have heard] [are about to hear] testimony from [NAME] who [testified] [will testify] to opinions and the reasons for her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[13] Ninth Circuit Model Civil Jury Instruction No. 2.13 (2017).

# DUTY TO DELIBERATE

## Proposed Instruction No. 3.1[14]

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[14] Ninth Circuit Model Civil Jury Instruction No. 3.1 (2017).

1
2

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

### Proposed Instruction No. 3.2[15]

3

4   Because you must base your verdict only on the evidence received in the case and on

5   these instructions, I remind you that you must not be exposed to any other

6   information about the case or to the issues it involves.  Except for discussing the case

7   with your fellow jurors during your deliberations:

8

9       Do not communicate with anyone in any way and do not let anyone else

10      communicate with you in any way about the merits of the case or

11      anything to do with it.  This includes discussing the case in person, in

12      writing, by phone or electronic means, via email, via text messaging, or

13      any internet chat room, blog, website or application, including but not

14      limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat,

15      or any other forms of social media.  This applies to communicating with

16      your family members, your employer, the media or press, and the people

17      involved in the trial.  If you are asked or approached in any way about

18      your jury service or anything about this case, you must respond that you

19      have been ordered not to discuss the matter and to report the contact to

20      the court.

21

22      Do not read, watch, or listen to any news or media accounts or

23      commentary about the case or anything to do with it, although I have no

24      information that there will be news reports about this case]; do not do

25      any research, such as consulting dictionaries, searching the Internet, or

26      using other reference materials; and do not make any investigation or in

27      any other way try to learn about the case on your own.  Do not visit or

28

---

[15] Ninth Circuit Model Civil Jury Instruction No. 3.2 (2017).

view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**COMMUNICATION WITH COURT**

**Proposed Instruction No. 3.3[16]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[16] Ninth Circuit Model Civil Jury Instruction No. 3.3 (2017).

**ADDITIONAL INSTRUCTION**

**Proposed Instruction No. 3.5[17]**


At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]


You will now retire to the jury room and continue your deliberations.

---

[17] Model Civ. Jury Instr. 9th Cir. 3.6 (2021) (unchanged).

# RETURN OF VERDICT

## Proposed Instruction No. 3.4[18]

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]   After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

---

[18] Ninth Circuit Model Civil Jury Instruction No. 3.5 (2017).

**LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE**

**Proposed Instruction No. 4.1**[19]

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

---

[19] Ninth Circuit Model Civil Jury Instruction No. 4.2 (2017).

# AGENT AND PRINCIPAL – DEFINITION

## Proposed Instruction No. 4.2[20]

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal. The agency agreement may be oral or written.

---

[20] Ninth Circuit Model Civil Jury Instruction No. 4.4 (2017)

1

## AGENT – SCOPE OF AUTHORITY DEFINED

2

### Proposed Instruction No. 4.3[21]

3

4   An agent is acting within the scope of authority if the agent is engaged in the

5   performance of duties which were expressly or impliedly assigned to the agent by the

6   principal.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[21] Ninth Circuit Model Civil Jury Instruction No. 4.5 (2017)

# APPLICABLE CUSTOMS LAWS

## Proposed Instruction No. 5.1

Antidumping duties are imposed on certain imported goods that are sold in the United States at less than fair value.[22]  They are designed to protect domestic manufacturers from unfair competition from foreign manufacturers.[23]

The Department of Commerce ("Commerce") is a federal agency that inquires whether there have been sales at less than fair value. The International Trade Commission ("ITC") is an independent federal agency that inquires whether the imported merchandise materially injures or threatens to materially injure the pertinent domestic industry. If both inquiries are answered in the affirmative, Commerce issues an antidumping duty order.[24]  Commerce thereafter conducts periodic "sunset reviews" to determine whether antidumping duties should remain in place or be modified.[25]

In 1992, Commerce imposed an antidumping duty order covering certain butt-weld pipe fittings from China (the "ADD Order"). The ADD Order imposed an antidumping duty of 182.9% on Chinese products meeting the following description:

> carbon steel butt-weld pipe fittings, having an inside diameter of less than 14 inches, imported in either finished or unfinished form. These formed or forged pipe fittings are used to join sections in piping systems where conditions require permanent, welded connections, as distinguished from fittings based on other fastening methods (e.g., threaded, grooved, or bolted fittings).

Commerce has periodically reviewed the ADD Order. It has been in effect at all times since it was issued in 1992.

---

[22] 19 U.S.C. § 1673(1).
[23] *Wheatland Tube Co. v. United States*, 495 F. 3d 1355, 1364 (Fed. Cir. 2007) (the "overarching purpose" of antidumping duties is to "protect[] the bottom line of domestic producers").
[24] *Duferco Steel, Inc. v. United States*, 296 F. 3d 1087, 1089 (Fed. Cir. 2002).
[25] 19 U.S.C. 1675(c).

U.S. Customs and Border Protection is a federal agency that administers certain aspects of the Customs law (that is, the law governing importations into the United States).

Under the Customs laws, importers of record have an affirmative legal obligation to exercise "reasonable care" when importing their products.[26]  As applicable here, importers of record are obligated to exercise reasonable care to determine whether the products they enter are subject to antidumping duty orders, such as the ADD Order.[27]

When importers of record enter products that are subject to antidumping duty orders, they are obligated to so state in Box 2 on the relevant Form 7501. Importers of record are obligated to also identify the specific antidumping duty order that applies to the products in Box 29-B and Box 33-B on the relevant Form 7501.[28]

---

[26] 14 U.S.C. § 1484(a).
[27] 19 CFR § 141.61(c).
[28] U.S. Customs and Border Protection ("CBP") Form 7501, Instructions Page 1 (Dec. 2019); 19 CFR § 141.61(c).