MAYER BROWN LLP
MATTHEW H. MARMOLEJO (SBN 242964)
*mmarmolejo@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
*mhendy@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Tel:  (213) 229-9500
Fax: (213) 576-8185

MAYER BROWN LLP
KELLY B. KRAMER (*pro hac vice*)
*kkramer@mayerbrown.com*
1999 K Street, NW
Washington, D.C. 20006
Tel:  (202) 263-3007
Fax: (202) 263-5207
Attorneys for Relator
ISLAND INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ISLAND INDUSTRIES, INC., <br><br> Plaintiff, <br> vs. <br><br> SIGMA CORPORATION, <br><br> Defendant. | Case No. 2:17-cv-04393-RGK-KS <br><br> **PLAINTIFF-RELATOR ISLAND INDUSTRIES, INC.'S DISPUTED JURY INSTRUCTIONS** <br><br> Trial Date: August 17, 2021 |

  Pursuant To L.R. 51-1, Relator-Plaintiff Island Industries, Inc. proposes the following jury instructions, with which Defendant Sigma Corporation does not agree.

# TABLE OF CONTENTS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1.1 | Duty of Jury | 9th Cir. 1.3 | 1 |
| 1.2 | False Claims Act | *Fed. Jury Prac. & Instr.* § 178:10; James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Alternate 9.A., 84 U. Cin. L. Rev. 943, 955-960, 972 (2016) | 4 |
| 1.3 | Claims and Defenses | 9th Cir. 1.5 | 7 |
| 1.4 | Burden of Proof | 9th Cir. 1.6 | 10 |
| 1.11 | Missing Witness | Ninth Circuit Model Criminal Jury Instruction No. 4.13 (2017) | 13 |
| 4.4 | Act of Agent Is Act of Principal | 9th Cir. 4.8 | 16 |
| 4.5 | Principal Sued But Not Agent | 9th Cir. 4.10 | 19 |
| 5.2 | Violations of 31 U.S.C. § 3729(A)(1)(G) False Statements Material to an Obligation to Pay Money to the Government | James B. Helmer, Jr. Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Alternate 9.A., 84 U. Cin. L. Rev. 943, 972 (2016); *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.,* 839 F.3d 242, 253-54 (3d Cir. 2016) | 22 |
| 5.3 | Falsity | *Fed. Jury Prac. & Instr.* § 178:30; Order re Defendants' Motions for Summary Judgment [ECF No. 270] at 12,  (June 23, 2020) | 25 |
| 5.4 | Materiality | 31 U.S.C. § 3729(b)(4); James B. Helmer, Jr. Erin M. Campbell, JURY | 28 |

i

|      |                                                        |                                                                                                                                                                                                                                                                                                                     |    |
| ---- | ------------------------------------------------------ | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | -- |
|      |                                                        | INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction No. 12, 84 U. Cin. L. Rev. 943, 982 (2016)                                                                                                                                                                                                                       |    |
| 5.5  | Knowledge                                              | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction No. 11, 84 U. Cin. L. Rev. 943, *977 (2016); 31 U.S.C. §3729(b)(1)(A)-(B); *United States v. United Healthcare Ins. Co.,* 848 35F.3d 1161, 1174 (9th Cir. 2016); *United States v. Mackby*, 261 F.3d 821, 828 (9th Cir. 2001) | 31 |
| 5.7  | Square Corners                                         | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 11.B., 84 U. Cin. L. Rev. 943, *977 (2016)                                                                                                                                                                           | 35 |
| 5.8  | Government Negligence or Other Government Failure Is Not a Defense | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES , Instruction 15, 84 U. Cin. L. Rev. 943, *986 (2016)                                                                                                                                                           | 38 |
| 5.9  | Number of Violations                                   | 31 U.S.C. § 3729(a)(2); James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES , Instruction 16A, 84 U. Cin. L. Rev. 943, *987 (2016)                                                                                                                                                  | 41 |
| 5.10 | Actual Damages                                         | *Fed. Jury Prac. & Instr.* § 178:60; James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT                                                                                                                                                                                                   | 44 |

ii

| | | | |
|---|---|---|---|
| | | CASES , Instruction 17.B., 84 U. Cin. L. Rev. 943, *990 (2016) | |
| 5.11 | Liberal Calculation of Damages | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 18.A., 84 U. Cin. L. Rev. 943, *997 (2016) | 47 |
| 5.12 | Defendant Bears Risk of Uncertainty | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 18.B., 84 U. Cin. L. Rev. 943, 997 (2016) | 50 |
| | Special Verdict Form | James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Question 18, 84 U. Cin. L. Rev. 943, *1017 (2016); 31 U.S.C. § 3729(a)(1)(G) | 53 |

iii

## INSTRUCTION NO. 1.1[1]

## DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

---

[1] Ninth Circuit Model Jury Instruction 1.3 (2017).

1

1   **Sigma's Objection to Proposed Instruction 1.1 (regarding "Duty of Jury")**

2       **Sigma objects** and proposes as a substitute Sigma's Proposed Instruction 1.1,

3   which is drawn from Ninth Circuit Civil Jury Instruction Model 1.2.   Sigma's

4   substitution would permit the jury to retain copies of preliminary jury instructions

5   throughout the course of the trial.   Sigma submits that this would assist the jury to

6   process and review the evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF-RELATOR ISLAND INDUSTRIES, INC.'S DISPUTED JURY INSTRUCTIONS;
CASE NO. 2:17-cv-04393-RGK-KS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Island's Reply to Sigma's Objection to Proposed Instruction 1.1 (regarding "Duty of Jury")</u>**

Island stands by its initial proposal, which is drawn from the Ninth Circuit's Model Jury Instruction 1.3, but defers to the Court's preferences.

**INSTRUCTION NO. 1.2[2]**

**False Claims Act –Description of 31 U.S.C. § 3729(a)(1)(G)**

This case is brought under the False Claims Act.

**Instruction 1-2(a)**  Under the False Claims Act, any person, including a corporation, who knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the Government is liable to the United States Government for damages sustained by the Government.

**Instruction 1-2(b)** The purpose of the False Claims Act is to make the United States whole and deter fraud against the Government.

**Instruction 1-2(c)**  The False Claims Act allows a person or company, who is called the "relator" to bring a False Claims Act case on behalf of the United States. Island Industries, Inc. ("Island") is the relator in this case.

---

[2] Instruction 1-2(a) is based on *Fed. Jury Prac. & Instr.* § 178:10.  Instructions 1-2(b) and 1-2(c) are derived from: James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Alternate 9.A., 84 U. Cin. L. Rev. 943, 955-960, 972 (2016).

4

1   **Sigma's Objection to Proposed Instruction 1.2 (regarding "False Claims Act")**

2        **Sigma objects** and proposes as a substitute Sigma's Proposed Instruction 1.2

3   (regarding the "False Claims Act").   Plaintiff's proposal contravenes the Court's

4   Order for Jury Trial, in that it bypasses the model jury instruction sources to which

5   the Court has directed the parties for two of the instructions.   Sigma' proposed

6   instruction is based on the relevant source referenced in the Court's Order, *Federal*

7   *Jury Practice and Instructions*.   Plaintiff's proposal contains extraneous and unfairly

8   prejudicial language, whereas Sigma's proposal fairly, accurately, clearly, and

9   succinctly summarizes the nature of the action.

1   **Island's Reply to Sigma's Objection to Proposed Instruction 1.2 (regarding**

2   **"False Claims Act")**

3          In light of Sigma's objection, Island has revised its proposed instruction to

4   delete reference to a civil money penalty, but it otherwise stands by its proposal,

5   which fairly, accurately, clearly, and succinctly summarizes the nature of the action.

6   The Court's Order for Jury Trial permits the use of instructions outside of the cited

7   sources.  The form instruction in *Federal Jury Practice and Instructions*, cited in

8   Sigma's objection, is not applicable here as it does not accurately state Island's

9   theory of the case. Island's proposal addresses Island's allegation that Sigma falsely

10  described its Chinese Welded Outlets as steel couplings (i.e., a steel product that is

11  not subject to antidumping duties) and by not referencing Island's allegation that

12  Sigma acted recklessly and with deliberate indifference.  *See* First Amended

13  Complaint ¶ 4(a).  Moreover, Island's proposal avoids confusion by not putting at

14  issue "falsity," an issue that the Department of Commerce has definitively resolved

15  against Sigma.

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTION NO. 1.3[3]

# CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Island asserts, on behalf of the United States, that Defendant Sigma Corporation: (i) imported Chinese Welded Outlets into the United States that were subject to the antidumping duty order on butt-weld pipe fittings from the People's Republic of China; (ii) knew, deliberately ignored, or recklessly disregarded that these Chinese Welded Outlets were subject to this antidumping duty order; and (iii) falsely described the products and falsely stated that they were not subject to any antidumping duty order.  Island has the burden of proving these claims by the preponderance of the evidence.

Defendant denies that it made any knowing false statements or that it knowingly failed to pay any duties that were owed.

---

[3] Ninth Circuit Model Civil Jury Instruction No. 1.5 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Sigma's Objection to Proposed Instruction 1.3 (regarding "Description of Claims and Defenses")

**Sigma objects** because Plaintiff's instruction does not neutrally describe the claims and defenses presented in this case.

Sigma proposes a substitute instruction, Sigma's Proposed Instruction 1.3, which like Plaintiff's instruction, incorporates the structure of Ninth Circuit Model Civil Jury Instruction 1.5.  The nature of Plaintiff as a *qui tam* relator is addressed in a supplemental instruction proposed by Sigma, Sigma's Proposed Instruction 1.2A.

1   **Island's Reply to Sigma's Objection to Proposed Instruction 1.3 (regarding**
2   **"Description of Claims and Defenses")**

3   Sigma's objection lacks merit.   Island's proposed instruction fairly and
4   accurately describes the claims and defenses in this case.  Island's proposal concisely
5   summarizes Island's theory of the case, including addressing Island's allegation that
6   Sigma falsely described its Chinese Welded Outlets as steel couplings (i.e., a steel
7   product that is not subject to antidumping duties) and by not referencing Island's
8   allegation that Sigma acted recklessly and with deliberate indifference.   See First
9   Amended Complaint ¶ 4(a).   Moreover, Island's proposal avoids confusion by not
10  putting at issue "falsity," an issue that the Department of Commerce has definitively
11  resolved against Sigma.   Finally, as directed in the Court's Order, Island's proposal
12  follows the Ninth Circuit Model Civil Jury Instructions.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 1.4[4]

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[4] Ninth Circuit Model Civil Jury Instruction No. 1.6 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Sigma's Objection to Proposed Instruction 1.4 (regarding "Preponderance of the Evidence")**

**Sigma objects** and proposes as a substitute Sigma's Proposed Instruction 1.4 (concerning the "Preponderance of the Evidence"), which includes language both from the Ninth Circuit Model Civil Jury Instructions and from *Federal Jury Practice and Instructions* (both sources referenced in the Court's Order for Jury Trial). Sigma respectfully submits that the *Federal Jury Practice and Instructions* language will help the jury better understand the preponderance-of-the-evidence standard.

11

1    **Island's Reply to Sigma's Objection to Proposed Instruction 1.4 (regarding**

2    **"Preponderance of the Evidence")**

3         Sigma's objection to this instruction lacks merit.  As directed in the Court's

4    Order, Island's proposal follows the Ninth Circuit Model Civil Jury Instructions.

5    Island's proposal also is clear, fair, and accurate based upon the issues of this case.

6    Modifying this instruction to include extraneous language would not be helpful to

7    the jury.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF-RELATOR ISLAND INDUSTRIES, INC.'S DISPUTED JURY INSTRUCTIONS;
CASE NO. 2:17-cv-04393-RGK-KS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 1.11[5]

# MISSING WITNESS

Sigma has failed to produce a witness whose testimony would have been material to an issue in this case.  You are allowed to infer that the testimony would have been favorable to Island.

---

[5] Ninth Circuit Model Criminal Jury Instruction No. 4.13 (2017).  "A missing witness instruction is appropriate if two requirements are met: (1) [t]he party seeking the instruction must show that the witness is peculiarly within the power of the other party and (2) under the circumstances, an inference of unfavorable testimony [against the non-moving party] from an absent witness is a natural and reasonable one." *United States v. Leal-Del Carmen*, 697 F.3d 964, 974-75 (9th Cir. 2013).

1   **Sigma's Objection to Proposed Instruction 1.11 (regarding "Missing Witness")**

2   **Sigma objects** to this proposed instruction.  Plaintiff's instruction is highly

3   prejudicial and instructs the jury to assume facts that Plaintiff would need to prove

4   at trial.  Plaintiff's proposed instruction is also contrary to law.  Plaintiff solely cites

5   criminal model rules and case law.  The Ninth Circuit Model Civil Jury Instructions

6   do not contain an equivalent rule.  Plaintiff cites no authority showing that this

7   instruction is applicable in the civil context.  Moreover, the Ninth Circuit Model

8   Criminal Jury Instructions No. 4.13 (2018) allows the instruction when "[t]he

9   ***government*** has failed to produce a witness" (emphasis added) and explicitly

10  cautions in the Comment to the rule that "a missing witness instruction will be

11  appropriate only in limited circumstances, such as when the government deports an

12  alien witness knowing that the witness would testify favorably for the defense" and

13  that "[a] missing witness instruction is proper only if from all the circumstances an

14  inference of unfavorable testimony from an absent witness is a natural and

15  reasonable one."[6]

16  This instruction is also extraneous and will confuse the jury because there is

17  no one who qualifies as a missing witness in this case.

18

19

20

21

22

23

24

25

26

27

28

---

[6] Model Crim. Jury Instr. 9th Cir., comment to § 4.13 (2018) (quoting *United States v. Bramble*, 680 F.2d 590, 592 (9th Cir. 1982)).

**Island's Reply to Sigma's Objection to Proposed Instruction 1.11 (regarding "Missing Witness")**

Island stands by its proposal.  Courts have authorized the missing witness instruction in civil cases.[7]  The instruction is not extraneous as Island anticipates that the evidence will establish that at least one and as many as three former Sigma employees would qualify as missing witnesses in this case.

---

[7] *See, e.g.*, *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) (citing 3 Kevin O'Malley et al., *Fed. Jury Prac. & Instr.* 149–50 (5th ed. 2000)) ("we ordinarily instruct juries that '[i]f a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.'"); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 212 (9th Cir. 1988) (affirming the use of a missing witness instruction in a civil action).

15

**INSTRUCTION NO. 4.4**[8]

**ACT OF AGENT IS ACT OF PRINCIPAL—**

**SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

_____

[8] Ninth Circuit Model Civil Jury Instruction No. 4.8 (2017).

16

1    **Sigma's Objection to Proposed Instruction 4.4 (regarding "Act of Agent is Act**
2    **of Principal")**

3        **Sigma objects** to this proposed instruction, because it is gratuitous,
4    unnecessary, confusing, and inaccurate as well as misleading in its statement of the
5    law.  It is particularly ambiguous and confusing to refer to an "omission . . . within
6    the scope of authority."  Sigma further objects to Plaintiff's expansive, wholesale
7    application of tort law agency principles to a federal civil penalties statute that
8    explicitly restricts liability to a defendant's "knowing" violations of the law.
9    Interpreting similar statutory provisions, courts have held that such expansive
10   application of agency principles render the statutory "knowledge requirement
11   meaningless."  *United States ex rel. Vavra v. Kellogg, Brown & Root, Inc.*, 848 F.3d
12   366, 373 (5th Cir. 2017) (citing *Arlington Cent. Sch. Dist. Bd. of Ed. v. Murphy*, 548
13   U.S. 291, 299 n.1 (2006)).  Plaintiff cites no case law in support of its expansive
14   theory of vicarious liability, and Sigma respectfully submits that this theory is not
15   viable in the False Claims Act context.

1

2

**Island's Reply to Sigma's Objection to Proposed Instruction 4.4 (regarding "Act of Agent is Act of Principal")**

3    Island stands by its proposal, which is taken directly from the Ninth Circuit's

4    Model Civil Jury Instruction No. 4.8.  Island notes that Sigma has not cited any

5    authority disapproving this instruction in the context of a False Claims Act case, and

6    Island is aware of none.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 4.5[9]**

**PRINCIPAL SUED BUT NOT AGENT—**

**NO  ISSUE AS TO AGENCY OR AUTHORITY**

C.H. Powell Co. was the agent of Defendant Sigma Corporation and, therefore, any act or omission of C.H. Powell Co. was the act or omission of Sigma Corporation.

---

[9] Ninth Circuit Model Civil Jury Instruction No. 4.10 (2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Sigma's Objection to Proposed Instruction 4.5 (regarding "Principal Sued but Not Agent")</u>**

**Sigma objects** to this proposed instruction for the same reasons stated with respect to Plaintiff's Proposed Instruction 4.4, above.

1    **<u>Island's Reply to Sigma's Objection to Proposed Instruction 4.5 (regarding</u>**

2    **<u>"Principal Sued but Not Agent")</u>**

3        Island stands by its proposal, which is taken directly from the Ninth Circuit's

4    Model Civil Jury Instruction No. 4.8.  Island notes that Sigma has not cited any

5    authority disapproving the Ninth Circuit's model instruction in the context of a False

6    Claims Act case, and Island is aware of none.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 5.2**[10]

2

**Violations of 31 U.S.C. § 3729(a)(1)(G)**

3

**False statements material to an obligation to pay money to the Government**

4

5

The False Claims Act prohibits a defendant with sufficient knowledge from making

6

false statements to avoid an obligation to pay money to the Government.

7

8

For you to find the Defendant liable under the False Claims Act, Island must show

9

by the preponderance of the evidence the following:

10

11

1. *First,* the Defendant made, used, or caused to be made or used, a record or

12

   statement;

13

14

2. *Second,* the record or statement was false,

15

16

3. *Third,* the record or statement was material to an obligation to pay or transmit

17

   money to the Government, such as antidumping duties payable to Customs

18

   and Border Protection;[11] and

19

20

4. *Fourth,* the Defendant had sufficient knowledge that the record or statement

21

   was false.

22

23

24

25

—————————————

[10] This instruction is derived from: James B. Helmer, Jr. Erin M. Campbell, JURY

26

INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Alternate 9.A., 84 U. Cin. L. Rev. 943, 972 (2016).

27

[11] The word "obligation" includes import duties payable to CBP. *United States ex*

28

*rel. Customs Fraud Investigations, LLC v. Victaulic Co.,* 839 F.3d 242, 253-54 (3d Cir. 2016).

1
2

**Sigma's Objection to Proposed Instruction 5.2 (regarding "Reverse False Claims Act Claims")**

3
4
5
6
7
8
9
10
11

  **Sigma objects** to this proposed jury instruction, which purports to state the elements of a reverse False Claims Act claim, as it is drawn neither from the sources referenced in the Court's Order for Jury Trial nor from Ninth Circuit case law, and it does not accurately reflect Plaintiff's burden.  (Plaintiff instead cites a treatise authored by relators' counsel).  Sigma offers as a substitute Sigma's Proposed Instructions 5.2 and 5.2A, which are drawn, respectively, from *Federal Jury Practice and Instructions* (a source referenced in the Court's Order) and from Ninth Circuit precedent.  Sigma respectfully submits that these sources more neutrally exposit the elements of a reverse False Claims Act claim.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **Island's Reply to Sigma's Objection to Proposed Instruction 5.2 (regarding**
2  **"Reverse False Claims Act Claims")**

3      Island's proposed instruction clearly and concisely informs the jury as to the
4  elements for reverse False Claims Act Claims.  Sigma's *ad hominem* attack on the
5  author of a relevant FCA jury instruction treatise aside, Island's proposal reflects the
6  requirements of the False Claims Act[12] and mirrors instructions used in similar cases
7  in this District.[13]   Sigma's alternative proposal is misleading, confusing, and
8  inaccurate.  Moreover, contrary to Sigma's representation in its objection, Sigma's
9  proposal is not based on any of the sources in the Court's order.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

---

25  [12] Regarding elements of reverse False Claims Act claims, *see United States ex rel. Winter v. Gardens Reg'l Hosp. and Med. Ctr., Inc.*, 953 F.3d 1108, 1114 (9th Cir. 2020); *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1996 (2016).

26
27  [13]  *See* Supplemental Concluding Jury Instructions, *Hooper v. Lockheed Martin Corp.*, 2:08-cv-00561-BRO-PJW, ECF No. 453-1, at 17 (C.D. Cal. Mar. 27, 2014); *United States ex rel. David Ji v. IMP Int'l, Inc.*, 2:14-cv-07203-MWF-PJW, ECF No. 142, at 21 (C. D. Cal. May 9, 2019).
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 5.3**[14]

**Falsity**

A claim is "false" if it is an assertion that is untrue when made or when used.  The Department of Commerce has ruled that Chinese Welded Outlets are within the scope of the China Order.  Accordingly, I instruct you that Defendant's statements that its Welded Outlets were not within the scope of the China Order were false.

---

[14] *Fed. Jury Prac. & Instr.* § 178:30; Order re Defendants' Motions for Summary Judgment [ECF No. 270] at 12,  (June 23, 2020) ("The Court thus finds that the falsity element of Island's FCA claim has been conclusively established.").

1    **Sigma's Objection to Proposed Instruction 5.3 (regarding "Falsity")**

2      **Sigma objects** to this proposed instruction, and in general opposes Plaintiff's

3 contention that the applicability of the Butt-Weld Order to welded outlets should be

4 treated as *res judicata* – when, in fact, the Court of International Trade overturned

5 the Department of Commerce's decisions referenced in Plaintiff's proposed

6 instruction.  The Department of Commerce decided on July 23, 2021 that no

7 antidumping duties were owed on Vandewater International, Inc.'s steel branch

8 outlets.  Because this decision applies with full force to Sigma, Sigma's statement

9 that it did not owe antidumping duties was not false.  *See* Sigma's Ex Parte

10 Application and Motion for Summary Judgment (Dkt. 392)

11      In the event that the question of falsity is submitted to the jury, Sigma

12 proposes as a substitute Sigma' Proposed Instruction 5.3, which is drawn from

13 *Federal Jury Practice and Instructions* (a source referenced in the Court's Order for

14 Jury Trial) and from Ninth Circuit precedent, and which defines the element of

15 falsity.

16      Sigma further objects to the wording of this instruction.  Without context, this

17 instruction suggests that Commerce's scope ruling was made prior to the statements

18 the jury will be asked to assess.

19

20

21

22

23

24

25

26

27

28

PLAINTIFF-RELATOR ISLAND INDUSTRIES, INC.'S DISPUTED JURY INSTRUCTIONS;
CASE NO. 2:17-cv-04393-RGK-KS

1   **Island's Reply to Sigma's Objection to Proposed Instruction 5.3 (regarding**
2   **"Falsity")**

3          Island's proposed instruction fairly, accurately, clearly, and succinctly
4   summarizes the issue of falsity.  The Department of Commerce has conclusively
5   resolved the issue of falsity against Sigma.  As the Court decided in denying Sigma's
6   motion for summary judgment, Commerce's decision "conclusively establish[s]"
7   falsity.[15]  Further, Sigma's characterization of the Department of Commerce's July
8   2021 decision is plainly inaccurate.  The Department of Commerce's recent final
9   report "continue[s] to find that Vandewater's outlets [and, as Sigma concedes,
10  Sigma's outlets] are within the scope of the *China BWPFs Order*."[16]   Finally,
11  Island's instruction is based on the *Federal Jury Practice and Instructions,* a source
12  referenced in the Court's Order for Jury Trial.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27  [15] Order re Defendants' Motions for Summary Judgment [ECF No. 270] at 12, (June 23, 2020).
28  [16] Remand Results [ECF #391-1] at 104 (July 27, 2021).

# INSTRUCTION NO. 5.4[17]

## Materiality

For the False Claims Act, "material" means having a natural tendency to influence, or be capable of influencing, the assessment of an antidumping duty.

---

[17] "[T]he term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).   *See also* James B. Helmer, Jr. Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction No. 12, 84 U. Cin. L. Rev. 943, 982 (2016).

**Sigma's Objection to Proposed Instruction 5.4 (regarding "Materiality")**

**Sigma objects** and proposes as a substitute Sigma's Proposed Instruction 5.4, which more closely tracks the language of the False Claims Act provision defining "Materiality".

1    **Island's Reply to Sigma's Objection to Proposed Instruction 5.4 (regarding**

2    **"Materiality")**

3        Island stands by its proposal.  Island's proposed instruction accurately reflects

4    the requirements of the False Claims Act and gives necessary guidance to the jury

5    on how to determine materiality under the law.  Moreover, Island's proposal mirrors

6    instructions used in similar cases in this District.[18]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25    [18] *See* Supplemental Concluding Jury Instructions, *Hooper v. Lockheed Martin Corp.*, 2:08-cv-00561-BRO-PJW, ECF No. 453-1, at 19 (C.D. Cal. Mar. 27, 2014)

26    ("A statement is material under the False Claims Act when it has a natural tendency to influence, or be capable of influencing, the decision of the government."); *United*

27    *States ex rel. David Ji v. IMP Int'l, Inc.*, 2:14-cv-07203-MWF-PJW, ECF No. 142, at 21 (C.D. Cal. May 9, 2019) ("The term 'material' means having a natural tendency

28    to influence, or be capable of influencing, the payment or receipt of money or property.").

**INSTRUCTION NO. 5.5**[19]

**Knowledge**

For purposes of this False Claims Act case, the Defendant had "sufficient knowledge" if one of the following is true:

1. The Defendant had actual knowledge of the information; or

2. The Defendant acted in deliberate ignorance of the truth or falsity of the information; or

3. The Defendant acted in reckless disregard of the truth or falsity of the information.[20]

It is not necessary for Relator to prove that the Defendant acted with actual intent to defraud anyone.[21]

The Defendant acted with deliberate ignorance if it did not know something because that Defendant avoided finding it out, like an ostrich that buries its head in sand.[22]

The Defendant acted with reckless disregard if it failed to make a reasonable and prudent inquiry to ensure that the statements it submitted were accurate.[23] Moreover, when a Defendant had an obligation to be familiar with the applicable

---

[19] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction No. 11, 84 U. Cin. L. Rev. 943, *977 (2016).

[20] *See* 31 U.S.C. §3729(b)(1)(A).

[21] *See* 31 U.S.C. §3729(b)(1)(B).

[22] *See United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1174 (9th Cir. 2016).

[23] *See id.*

31

1  legal requirements, that Defendant's failure to become informed of those
2  requirements constitutes reckless disregard or deliberate ignorance.[24]

---

24 *United States v. Mackby*, 261 F.3d 821, 828 (9th Cir. 2001).

1  **Sigma's Objection to Proposed Instruction 5.5 (regarding "Knowledge")**

2      **Sigma objects** because this proposed instruction is not drawn from a source

3  referenced in the Court's Order for Jury Trial, but rather primarily from a treatise

4  authored by relators' counsel.   Plaintiff's proposed instruction also misstates the

5  law.[25]   Sigma proposes as a substitute Sigma's Proposed Instruction 5.5 on

6  Knowledge.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [25] *See, e.g., United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1174 (9th
     Cir. 2016) (requiring only a "limited inquiry" and that "[w]hile the Committee
27  intends that at least some inquiry be made, the inquiry need only be 'reasonable and
     prudent under the circumstances.'" (quoting *United States v. Bourseau*, 531 F.3d
28  1159, 1168 (9th Cir. 2008)).

## Island's Reply to Sigma's Objection to Proposed Instruction 5.5 (regarding "Knowledge")

Sigma's objection is unfounded.  Island's proposed instruction fairly and accurately reflects the standard for "knowledge" under the False Claims Act.  In addition, the proposal limits confusion by explaining the settled law that a plaintiff need not prove that a defendant acted with an intent to defraud.[26]  The proposal also appropriately summarizes the law on demonstrating "deliberate ignorance" and "reckless disregard."[27]

---

[26] *See, e.g., United States ex rel. Winter v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1117 (9th Cir. 2020) ("Under the FCA, 'knowingly . . . requires no proof of specific intent to defraud.'" (citation omitted)).

[27] *See United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1174 (9th Cir. 2016); *United States v. Mackby*, 261 F.3d 821, 828 (9th Cir. 2001).

# INSTRUCTION NO. 5.7[28]

## Square Corners

In evaluating Defendant's knowledge, you may consider that parties who submit records to the Government material to obligations to pay the Government are expected to know the law and act with strict compliance for the requirements of the law. People must turn square corners when they deal with the Government. Encouraging  compliance with the square corners rule is one of the purposes of the False Claims Act.

---

[28] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 11.B., 84 U. Cin. L. Rev. 943, *977 (2016)

> The United States is entitled to guard the public fisc against schemes designed to take advantage of overworked, harried, or inattentive disbursing officers; the False Claims Act does this by insisting that persons who send bills to the Treasury tell the truth. As Justice Holmes put it, "[m]en must turn square corners when they deal with the Government."

*United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008) (citing *Rock Island A. & L. R. Co. v. United States*, 254 U.S. 141, 143 (1920)). *See also PAMC, Ltd. v. Sebelius*, 747 F.3d 1214, 1217 (9th Cir. 2014) (citing the same quote from Justice Holmes.)

**Sigma's Objection to Proposed Instruction 5.7 (regarding "Square Corners")**

This proposed instruction is not drawn from a source referenced in the Court's Order for Jury Trial, but rather from a treatise authored by relators' counsel. **Sigma objects** because it is gratuitous, unnecessary, vague, unfairly prejudicial, confusing, and inaccurate as a matter of law. The Ninth Circuit has never adopted the "square corners" principle in the False Claims Act context. Plaintiff's proposed instructions are not contained in the Ninth Circuit's Model Civil Jury Instructions.

The Supreme Court case relied upon by Island, *Rock Island, A. & L.R. Co. v. United States*, 254 U.S. 141 (1920), has nothing to do with the False Claims Act. Rather, in discussing "square corners," the Court was discussing the circumstances under which a taxpayer can challenge a tax assessment.

The principal statements at issue in this case are Sigma's assertions that no antidumping duties are owed on welded outlets; these claims were made repeatedly, openly and transparently. Sigma is entitled to make such assertions in good faith, and to hold the government to its obligations to impose and collect importation duties fairly, transparently, and in the manner prescribed by law. "[N]obody owes any public duty to pay more than the law demands; [importation duties] are enforced extractions, not voluntary contributions. To demand more in the name of morals is mere cant." *United States v. Thompson/Center Arms Co.*, 504 U.S 505, 511 n.4 (1992) (quoting *Comm'r v. Newman*, 159 F.2d 848, 850-51 (2d Cir. 1947) (L. Hand, J., dissenting)).

Sigma proposes instructions on reasonableness and good faith, which speak directly to the circumstances and questions presented for the jury's consideration in this case. *See* Sigma's Proposed Instructions 5.5A through 5.5B.

1   **Island's Reply to Sigma's Objection to Proposed Instruction 5.7 (regarding**
2   **"Square Corners")**

3          Island's proposed instruction accurately and fairly describes the purpose of
4   the False Claims Act and expectations for compliance.[29]   Sigma's objection is
5   unwarranted and raises irrelevant issues of law.   The objection and Sigma's
6   alternative Proposed Instruction 5.5A cited therein are based upon *Safeco Ins. Co.*
7   *of America v. Burr*, 551 U.S. 47 (2007), which is inapplicable to False Claims Act
8   cases.  Sigma's other cited cases also are unrelated to the False Claims Act.

---

25   [29] *See United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008) (citing *Rock Island*
     *A. & L. R. Co. v. United States*, 254 U.S. 141, 143 (1920)) (applying the "square
26   corners" principle when assessing a claim under the False Claims Act); *see also*
     *United States v. Bourseau*, 2006 WL 2961105, at *1 & n.1 (S.D. Cal. Sept. 29, 2006)
27   (finding defendants liable under the False Claims Act for failing to inform
     themselves of Medicare reimbursement requirements as "hospital operators must
28   turn square corners when dealing with the United States.")

# INSTRUCTION NO. 5.8[30]

## Government Negligence or Other Government Failure Is Not a Defense

You may not consider as a defense to the False Claims Act any negligent or unreasonable conduct on behalf of the Government or any failure by Government personnel to perform their duties. If you find that Defendant violated the False Claims Act, you must find for Relator notwithstanding any negligence or unreasonable conduct on the part of Government personnel or any failure by these personnel to perform their duties. Such failure is irrelevant and cannot be used as a defense to Defendant's liability.

---

[30] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES , Instruction 15, 84 U. Cin. L. Rev. 943, *986 (2016).

This Instruction is based on similar instructions given in False Claims Act trials. *See* Jury Instructions at 22, *United States ex rel. Samandi v. Materials & Electrochemical Rsch. Corp.*, No. 4:05-cv-00124-DCB-BGM, ECF No. 311 (D. Ariz. Feb. 6, 2011); Day 32, Transcript of Jury Trial at 68, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, No. 95-1231, ECF No. 1047 (D.D.C. Oct. 16, 2008).

It reflects court determinations that Government negligence is not a defense to fraud. *See United States v. Spicer*, 57 F.3d 1152, 1159 (D.C. Cir. 1995) (as long as the misrepresentations are a proximate cause of injury, "they need not have been the sole factor causing . . . losses"); *United States v. Aging Care Home Health, Inc.*, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006) (allegations that the Government was at fault and should have discovered the misconduct earlier are no defense to a False Claims Act claim); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 773 (ND. Tex. 2002) (affirmative defense of contributory negligence/comparative fault was not available in Government's action asserting violations of the False Claims Act).

It also reflects court determinations that defendants are not relieved of liability for its false claims when the Government did not inspect the product and accepted the product, *Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 430 (6th Cir. 2001); *United States v. Aerodex, Inc.*, 469 F.2d 1003, 1009 (5th Cir. 1972); Transcript of Proceedings Feb. 22, 1996, *United States ex rel. Stevens v. Ashland Petroleum* Co., No. C-1-93-442, Dkt. No. 248, (S.D. Ohio 1996).

It also reflects that the law does not require that the Government protect its own interests. *United States ex rel. Feldman v. van Gorp*, 697 F.3d 78, 95 (2d Cir. 2012); *United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008).

1  **Sigma's Objection to Proposed Instruction 5.8 (regarding "Government**
2  **Negligence or Failure")**

3       Plaintiff cites no Ninth Circuit precedent in support of this proposed
4  instruction, nor is it drawn from any of the sources referenced in the Court's Order
5  for Jury Trial.  **Sigma objects** to this proposed instruction because it is gratuitous,
6  unnecessary, confusing, and misleading in its assessment of the law.

7       It is particularly inapt in the importation context, where the Department of
8  Commerce has stated that when products pass the port-of-entry without duties
9  imposed, "importers are justified in relying" on the fact that "Customs, at least, and
10 perhaps [Commerce] as well, have viewed the merchandise as not being within the
11 scope of an [antidumping duty] order . . . at least until [Commerce] rules otherwise."
12 62 Fed. Reg. 27,296, 27,328 (May 19, 1997).  The United States Court of Appeals
13 for the Federal Circuit has recently cited this comment approvingly, affirming that
14 importers are entitled to rely in good faith on the enforcement positions taken (or not
15 taken) by the relevant federal agencies.  *United Steel & Fasteners, Inc. v. United*
16 *States*, 947 F.3d 794, 802-03 (Fed. Cir. 2020).

17
18
19
20
21
22
23
24
25
26
27
28

1  **Island's Reply to Sigma's Objection to Proposed Instruction 5.8 (regarding**

2  **"Government Negligence or Failure")**

3          Island's proposed instruction is a fair and accurate summary of the law.

4  Similar to instructions given in other False Claims Act trials, Island's proposal is

5  necessary to avoid jury confusion.  Sigma's objection to this proposal is unfounded.

6  Sigma's reference to reliance on Customs' practice is inapt.  To start, any reliance

7  on the Government's action speaks to scienter, not whether or not any negligent or

8  unreasonable conduct can support a defense to Defendant's liability.  Moreover,

9  *United Steel & Fasteners, Inc. v. United States* does not involve the False Claims

10  Act but turned on an application of CBP regulations regarding liquation of entries.

11  Liquidation principles are irrelevant in a False Claims Act case.[31]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ───────────

   [31] *See* Order re Defendants' Motions for Summary Judgment [ECF No. 270] at 11,
28  (June 23, 2020) (noting that "[l]iquidation is a different animal" and "[t]he rationale underpinning fraud statutes like the FCA is understandably different.").

# INSTRUCTION NO. 5.9[32]

## Number of Violations

If you find that the Defendant violated the False Claims Act, you must then identify the number of false Form 7501s the Defendant presented or caused to be presented to CBP. Each separate Form 7501 that you determine is false or fraudulent constitutes a separate claim. It is your duty to calculate the number of false or fraudulent claims for which you find the Defendant is liable. Here, the number of false claims is equivalent to the number of Form 7501s the Defendant submitted to CBP.

There will be a space in the verdict form for you to place this number should you find that Defendant violated the False Claims Act.

---

[32] *See* 31 U.S.C. § 3729(a)(2); James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 16A, 84 U. Cin. L. Rev. 943, *987 (2016).   *See also United States ex rel. Jordan v. Northrop Grumman Corp.*, 2002 WL 34251040 at *17 (C.D. Cal. Aug. 5, 2002) ("[U]nder the FCA, a claimant is liable for each of the false claims filed . . ."); *United States ex rel. Trawick v. Sverdrup Tech., Inc*., 2001 U.S. Dist. LEXIS 27081, at *256 (S.D. Miss. Feb. 24, 2001) ("Each individual false claim or statement triggers the statute's civil penalty, and is considered a separate violation . . ."); *United States ex rel. Doe v. DeGregorio*, 510 F. Supp. 2d 877, 890 (M.D. Fla. 2007) ("The civil penalty the Government is entitled to recover is assessed for each false claim. 31 U.S.C. § 3729(a)(2). Thus, the number of violations of the False Claims Act depends on the number of false or fraudulent claims or other requests for payments that defendant caused to be submitted.").

1   **<u>Sigma's Objection to Proposed Instruction 5.9 (regarding "Number of</u>**
2   **<u>Violations")</u>**

3       Plaintiff's proposed instructions 5.9 through 5.11 concern damages.  **Sigma**
4   **objects** to these proposed instructions because they are gratuitous, unnecessary,
5   unfairly prejudicial, confusing, and inaccurate and misleading in their summation of
6   the law.  Moreover, Plaintiff's proposals contravene the Court's Order for Jury Trial,
7   in that they bypass the model jury instruction sources to which the Court has directed
8   the parties.   Instead, Plaintiff relies heavily on a treatise authored by relators'
9   counsel.   Sigma objects and proposes Sigma's Proposed Instructions 5.9 through
10  5.11, which draw more directly from the sources referenced in the Court's Order.

**Island's Reply to Sigma's Objection to Proposed Instruction 5.9 (regarding "No Inference From Mere Instruction of Damages")**

Island stands by its proposal, which accurately explains the standard for assessing the number of violations under the False Claims Act.[33]  If the jury finds that Sigma violated the False Claims Act, Island's proposed instruction is needed to aid the jury in understanding the law for assessing the number of violations.  Without such guidance, the jury may not understand the application of the law when multiple submissions of false claims are at issue.[34]

---

[33] *See United States ex rel. Jordan v. Northrop Grumman Corp.*, 2002 WL 34251040 at *17 (C.D. Cal. Aug. 5, 2002) ("[U]nder the FCA, a claimant is liable for each of the false claims filed . . ."); *United States ex rel. Doe v. DeGregorio*, 510 F. Supp. 2d 877, 890 (M.D. Fla. 2007) ("The civil penalty the Government is entitled to recover is assessed for each false claim. 31 U.S.C. § 3729(a)(2). Thus, the number of violations of the False Claims Act depends on the number of false or fraudulent claims or other requests for payments that defendant caused to be submitted.").

[34] *See* Supplemental Concluding Jury Instructions, *Hooper v. Lockheed Martin Corp.*, 2:08-cv-00561-BRO-PJW, ECF No. 453-1, at 23 (Mar. 27, 2014) ("If you find that Lockheed violated the False Claims Act, you must identify each specific, individual claim for payment – an invoice or other payment demand – that Mr. Hooper proved to constitute a false claim.").

# INSTRUCTION NO. 5.10[35]

## Actual Damages

If you find that a Defendant has violated the False Claims Act, you must then determine the amount of damages sustained by the Government because of the violations.  The measure of the Government's damages is the difference in amount that it was not paid by reason of the false statements, compared to the amount it would have been paid if the statements had been truthful.

---

[35] *Fed. Jury Prac. & Instr*. § 178:60 (modified for reverse false claims); James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES , Instruction 17.B., 84 U. Cin. L. Rev. 943, *990 (2016).

**Sigma's Objection to Proposed Instruction 5.10 (regarding "Actual Damages")**

Plaintiff's proposed instructions 5.9 through 5.11 concern damages. **Sigma objects** to these proposed instructions because they are gratuitous, unnecessary, unfairly prejudicial, confusing, and inaccurate and misleading in their purported summation of the law. Moreover, Plaintiff's proposals contravene the Court's Order for Jury Trial, in that they bypass the model jury instruction sources to which the Court has directed the parties. Instead, Plaintiff relies heavily on a treatise authored by relators' counsel. Sigma objects and proposes Sigma's Proposed Instructions 5.9 through 5.11, which draw more directly from the sources referenced in the Court's Order.

**Island's Reply to Sigma's Objection to Proposed Instruction 5.10 (regarding "Actual Damages")**

Island's proposal fairly, accurately, clearly, and succinctly summarizes the standard for determining damages under the False Claims Act.[36]  Sigma cites no other grounds for its objection other than the sources for the form instruction on which Island relied.

---

[36] *See* 31 U.S.C. § 3729(a); *see also* Jury Instructions, *United States ex rel. David Ji v. IMP Int'l, Inc.*, 2:14-cv-07203-MWF-PJW, ECF No. 142, at 21 (C. D. Cal. May 9, 2019).  (giving the instruction that "[t]he measure of the damages is the amount that the liable Defendant or Defendants should have paid in import duties for glycine.").

# INSTRUCTION NO. 5.11[37]

## Liberal Calculation of Damages

As with all other elements of a False Claims Act violation, Relator must prove the Government's damages by the preponderance of the evidence. However, in computing any damages sustained by the Government, you do not have to determine the actual damages with mathematical precision or absolute certainty. Reasonable certainty is sufficient. The Government's damages should be liberally calculated to effectuate the purposes of the False Claims Act and to afford the Government a full and complete recovery of all its damages.

---

[37] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 18.A., 84 U. Cin. L. Rev. 943, *997 (2016); *ACI Licensing LLC v. CR Licensing, LLC*, 2018 WL 4191488, at *4 (C.D. Cal. Feb. 7, 2018); *Viasphere Int'l, Inc. v. Vardanyan*, 2017 WL 1065191, at *4-5 (N.D. Cal. Mar. 21,2017); *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *13-14 (N.D. Cal. May 27, 2016).

1

2

**<u>Sigma's Objection to Proposed Instruction 5.11 (regarding "Liberal Calculation of Damages")</u>**

3

4

5

6

7

8

9

10

Plaintiff's proposed instructions 5.9 through 5.11 concern damages.  **Sigma objects** to these proposed instructions because they are gratuitous, unnecessary, unfairly prejudicial, confusing, and inaccurate and misleading in their summation of the law.  Moreover, Plaintiff's proposals contravene the Court's Order for Jury Trial, in that they bypass the model jury instruction sources to which the Court has directed the parties.   Instead, Plaintiff relies heavily on a treatise authored by relators' counsel. Sigma objects and proposes Sigma's Proposed Instructions 5.9 through 5.11, which draw more directly from the sources referenced in the Court's Order.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Island's Reply to Sigma's Objection to Proposed Instruction 5.11 (regarding**

2  **"Liberal Calculation of Damages")**

3      Island stands by its proposal, which fairly, accurately, and clearly describes

4  the law for calculating damages.  Damages for claims under the False Claims Act

5  "typically are liberally calculated to ensure they afford the government complete

6  indemnity for the injuries done to it."[38]  Island's proposed instruction reflects this

7  settled law and provides the jury with necessary guidance for assessing damages.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[38] *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 647 (6th Cir. 2002) (internal quotation and citation omitted).

1

## INSTRUCTION NO. 5.12[39]

2

## Defendant Bears Risk of Uncertainty

3

4    If you find that the number of violations cannot be proved with reasonable

5    certainty, but you find that Defendant's own conduct prevented a more precise

6    computation, Defendant bears the risk this uncertainty creates, and therefore, you

7    are allowed to act upon probable proof to make a just and reasonable estimate of the

8    number of violations based on the relevant evidence and to render your verdict

9    accordingly.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25    [39] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Instruction 18.B., 84 U. Cin. L. Rev. 943, 997 (2016) (citing *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264-65 (1946); *Nat'l Constructors Ass'n v. Nat'l Elec. Constructors Ass'n*, 498 F. Supp. 510, 538 (D. Md. 1980); Day 32, Transcript of Jury Trial at 66, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, No. 95-1231 (ECF No. 1047) (D.D.C. May 4, 2007)); *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg*, 2014 WL 2195858, at *5-6 (S.D. Cal. May 27, 2014).

26

27

28

1  **Sigma's Objection to Proposed Instruction 5.12 (regarding "Damages – **
2  **Defendant Bears Risk of Uncertainty")**

3    Plaintiff's proposed instructions 5.9 through 5.11 concern damages.  **Sigma**
4  **objects** to these proposed instructions because they are gratuitous, unnecessary,
5  unfairly prejudicial, confusing, and inaccurate and misleading in their summation of
6  the law.  Moreover, Plaintiff's proposals contravene the Court's Order for Jury Trial,
7  in that they bypass the model jury instruction sources to which the Court has directed
8  the parties.   Instead, Plaintiff relies heavily on a treatise authored by relators'
9  counsel, which misstates the law by suggesting that Plaintiff is entitled to recover
10  even if it cannot prove damages, and uses vague and ambiguous terms— such as
11  "probable proof"—to create confusion.   Sigma objects and proposes Sigma's
12  Proposed Instructions 5.9 through 5.11, which draw more directly from the sources
13  referenced in the Court's Order.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **Island's Reply to Sigma's Objection to Proposed Instruction 5.12 (regarding**
2  **"Damages – Defendant Bears Risk of Uncertainty")**

3        Multiple courts have held that, in the absence of more precise evidence, the

4  jury can assess damages based on a just and reasonable inference from the proof of

5  the defendants' wrongful acts and their tendency to cause injury.[40] Accordingly,

6  Island's proposed instruction is appropriate to inform the jury as to the standard for

7  finding damages.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

---

[40] *See, e.g.*, *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264 (1946) ("the
25  jury could conclude as a matter of just and reasonable inference from the proof of
defendants' wrongful acts and their tendency to injure plaintiffs' business . . . that
26  defendants' wrongful acts had caused damage to the plaintiffs"); *In re Glumetza
Antitrust Litig.*, 336 F.R.D. 468, 479 (N.D. Cal. 2020) (noting that "[t]he Supreme
27  Court has repeatedly explained that courts should afford plaintiff relatively broad
leeway in constructing a damages model – at least within the 'just and reasonable
28  inference[s].'" (citation omitted)).

# SPECIAL VERDICT FORM[41]

**Question 1:** Do you find by a preponderance of the evidence that Defendant knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government? (Please circle your answer below.)


Yes                    No


**Question 2:** If you answered "Yes" to Question 1 above, specify the total number of false records or statements knowingly made or used or caused to be made or used by Defendant that were material to an obligation to pay or transmit money or property to the Government in violation of the False Claims Act.


Number of false records or statements: _____


**Question 3:** If you answered "Yes" to Question 1 above, specify the total amount, in dollars, of damages which you find Relator has proved by a preponderance of the evidence that the United States has sustained because of the Defendant's violation of the False Claims Act.


Damages in the Amount of  $_____

---

[41] James B. Helmer, Jr., Erin M. Campbell, JURY INSTRUCTIONS FOR FALSE CLAIMS ACT CASES, Question 18, 84 U. Cin. L. Rev. 943, *1017 (2016); 31 U.S.C. § 3729(a)(1)(G).

**<u>Sigma's Objection to Proposed Special Verdict Form</u>**

Plaintiff's Proposed Special Verdict Form is not drawn from a source referenced in the Court's Order for Jury Trial, but rather from a treatise authored by relators' counsel.  Among other things, this proposed form glosses over the critical requirement that the jury reach a unanimous verdict.  Accordingly, **Sigma objects** and proposes as a substitute the Proposed Verdict Forms and Jury Interrogatories set forth in Exhibit 3 herein, which are drawn from *Federal Jury Practice and Instructions* (one of the sources referenced in the Court's Order).

**<u>Island's Reply to Sigma's Objection to Proposed Special Verdict Form</u>**

Island's proposed special verdict form provides clear and concise instructions to the jury for determining liability and damages if the jury finds a violation the False Claims Act.  Courts have used this form when instructing on these False Claims Act provisions.[42]

Dated: August 1, 2021                    MAYER BROWN LLP

                                         */s/Matthew H. Marmolejo*
                                         Kelly B. Kramer
                                         Matthew H. Marmolejo
                                         C. Mitchell Hendy

                                         Attorneys for Relator
                                         ISLAND INDUSTRIES, INC.

---

[42] *See* Jury Verdict Form, *United States ex rel. Drakeford v. Tuomey,* No. 3:05-2858-MBS (D.S.C. May 8, 2013), ECF No. 813; Verdict Form, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, No. 95-1231 (D.D.C. May 4, 2007), ECF No. 858; Jury Instructions at 36-38, *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, No. 02 C 6074 (N.D. Ill. Oct. 30, 2006), ECF No. 772.