FILED
CLERK, U.S. DISTRICT COURT

OCT 7 2021

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. ISLAND INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANDEWATER INTERNATIONAL, INC., et al., <br><br> Defendant(s). | Case No. 2:17-cv-04393-RGK-KS <br><br> **JURY INSTRUCTIONS** <br><br> Judge: Hon. R. Gary Klausner <br> Trial Date: September 28, 2021 <br> Courtroom: 850 <br> Time: 9:00 a.m. |

**COURT'S INSTRUCTION NO. ___/___**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**COURT'S INSTRUCTION NO.** 2

The evidence you are to consider in deciding what the facts are consists of:

    1.     the sworn testimony of any witness;

    2.     the exhibits that are admitted into evidence;

    3.     any facts to which the lawyers have agreed; and

    4.     any facts that I instruct you to accept as proved.

**COURT'S INSTRUCTION NO. 3**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 4**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. __5__

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

# COURT'S INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**COURT'S INSTRUCTION NO. ___7___**

You have heard testimony from expert witnesses who testified to opinions and the reasons for those opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**COURT'S INSTRUCTION NO.** ___8___

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

**COURT'S INSTRUCTION NO. ____9____**

2

3  To help you follow the evidence, I will give you a brief summary of the positions of
4  the parties:

5

6  Plaintiff Island asserts, that Defendant Sigma Corporation:  (i) imported Chinese
7  Welded Outlets into the United States that were subject to the antidumping duty
8  order on butt-weld pipe fittings from the People's Republic of China; (ii)
9  knew, deliberately ignored, or recklessly disregarded that these Chinese Welded
10 Outlets were subject to this antidumping duty order; and (iii) falsely described the
11 products and falsely stated that they were not subject to any antidumping duty
12 order.  Plaintiff has the burden of proving these claims by the preponderance of the
13 evidence.

14

15 Defendant denies that it knowingly made any false statements or that it
16 knowingly failed to pay any duties that were owed.

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO.** 10

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. __11__

The False Claims Act prohibits a defendant from knowingly making false statements to avoid an obligation to pay money to the Government.

For you to find the Defendant liable under the False Claims Act, Plaintiff must show by the preponderance of the evidence the following:

1. *First,* the Defendant made a false statement;

2. *Second,* the statement was material,

3. *Third,* the Defendant acted with the required knowledge, that is, the Defendant made the statement while having actual knowledge of the information, or acting in deliberate ignorance or reckless disregard of its truth or falsity; and

4. *Fourth,* the false statement caused the government to forfeit money that was due.

**COURT'S INSTRUCTION NO. _12_**

A statement is "false" if it is an assertion that is untrue when it is made.

The Department of Commerce has ruled that Chinese welded outlets are subject to antidumping duties and are within the scope of the 1992 antidumping duty order (the "China Order"). Accordingly, I instruct you that the Defendant's statements that its welded outlets were not subject to antidumping duties were false.

**COURT'S INSTRUCTION NO.** _13_

A statement is "material" if it has a natural tendency to influence, or be capable of influencing, the payment or receipt of money.

1
2

**COURT'S INSTRUCTION NO. 14**

3
4
5
6

For purposes of this False Claims Act case, the Defendant must have acted with the required knowledge. The Defendant acted with the required knowledge if the Plaintiff proves one of the following:

7
8

    1. The Defendant had actual knowledge of the information; or

9
10
11

    2. The Defendant acted in deliberate ignorance of the truth or falsity of the information; or

12
13
14

    3. The Defendant acted in reckless disregard of the truth or falsity of the information.

15

It is not necessary for Plaintiff to prove that the Defendant acted with actual intent.

16
17
18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 15

If you find that Plaintiff has proven each of the elements that it must establish to prove a False Claims Act violation by the Defendant, you must then consider the Defendant's "affirmative defense," which the Defendant has the burden to prove by a preponderance of the evidence.

**COURT'S INSTRUCTION NO.** 16

The Defendant contends that the Plaintiff's claims for violations that occurred before June 13, 2011 are barred by a law that requires a plaintiff to bring a lawsuit within a specified period. To prevail on this defense, Defendant must prove, by a preponderance of the evidence, that the government reasonably should have known about the Defendant's pre-June 13, 2011 conduct before June 13, 2014.

**COURT'S INSTRUCTION NO. 17**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the amount of damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. The measure of damages is the difference between what the government received and what the government would have received if Defendant's statements were truthful.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

# COURT'S INSTRUCTION NO. 18

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1
2

**COURT'S INSTRUCTION NO.** ___19___

3
4
5
6
7

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

8
9
10
11
12
13
14
15
16
17

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This applies to communicating with your family members, your employer, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

18
19
20
21
22
23
24
25
26
27
28

Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**COURT'S INSTRUCTION NO.** 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**COURT'S INSTRUCTION NO.** __21__

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.