UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Jennifer Graciano | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Defendant Sigma Corporation's Renewed Motion for Judgment as a Matter of Law & Alternative Motion for a New Trial [DE 430]**

## I. INTRODUCTION

On July 10, 2019, the United States of America *ex rel.* Island Industries, Inc. ("Island") filed a first amended complaint against Vandewater International, Inc. ("Vandewater"), Neil Ruebens, Anvil International, LLC ("Anvil"), Smith Cooper International ("SCI"), Allied Rubber & Gasket Company ("ARGCO"), and Sigma Corporation ("Sigma"). (*See* FAC, ECF No. 97.) The complaint alleged violations of the False Claims Act ("FCA") (31 U.S.C. § 3729(a)(1)) and a conspiracy to violate the FCA. (*Id*.) On September 3, 2019, the Court dismissed the conspiracy claim. (Order re Mot. Dismiss, ECF No. 128.) Defendants Anvil, ARGCO, and SCI were subsequently dismissed from the action, and on April 30, 2021, the Court stayed the case as to Defendants Vandewater and Reubens following their bankruptcy filings. (Dismissals, ECF Nos. 165, 338, 370; Order re Stay, ECF No. 374.)

The case proceeded to trial on October 5, 2021, against only Defendant Sigma on the FCA claim. Two days later, the jury found Sigma liable for FCA violations and awarded $8,085,546.03 in damages. (Jury Verdict, ECF No. 421.) Presently before the Court is Sigma's Renewed Motion for Judgment as a Matter of Law with an Alternative Motion for a New Trial. (ECF No. 430.) For the following reasons, the Court **DENIES** Sigma's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

## II. FACTUAL BACKGROUND

In 1992, the Department of Commerce ("Commerce") issued an order imposing antidumping duties ("ADD")[1] on "carbon steel butt-weld pipe fittings" from China ("1992 ADD Order"). 57 Fed. Reg. 29702 (July 6, 1992). Sigma began importing welded outlets, which are typically used in fire protection systems, from the People's Republic of China ("China") in 2010. Island manufactures carbon steel butt-weld pipe fittings in the United States for use in fire protection systems. In 2017, Island accused Sigma of making false statements to United States Customs and Border Protection ("Customs" or "CBP") to avoid paying antidumping duties on its imports, in violation of the FCA. Specifically, Island alleged that Sigma falsely stated that its products were duty-free and falsely described its products as "steel couplings," which are without dispute not subject to the 1992 ADD Order.

After Island filed its lawsuit, Sigma requested a ruling from Commerce to determine whether Sigma's imported products fall within the scope of the 1992 ADD Order. *See* 19 C.F.R. § 351.225. In 2018, Commerce determined that the "fire protection weld outlets imported by [Sigma] are within the scope of the [1992 ADD Order], pursuant to 19 CFR 351.225(d)" ("2018 Scope Ruling"). Commerce can determine whether a product falls within the scope of an ADD order "based solely upon the application" and the factors described in 19 C.F.R. § 351.225(k)(1)—*i.e.*, perform a "(k)(1) analysis"— which Commerce did in its 2018 Scope Ruling. 19 C.F.R. § 351.225(d). But if a (k)(1) analysis is not dispositive, Commerce must then consider the factors set forth in 19 C.F.R. § 351.225(k)(2)—*i.e.*, perform a "(k)(2) analysis", also known as a "scope inquiry." 19 C.F.R. § 351.225(e).

Sigma appealed Commerce's 2018 Scope Ruling to the United States Court of International Trade ("CIT"). The CIT found that Commerce's (k)(1) determination was "unreasonable" and remanded the matter to Commerce "to conduct a scope inquiry to evaluate the factors under (k)(2)." *Vandewater Int'l, Inc. v. United States*, Court No. 18-00199, Slip Op. 20-146 (October 16, 2020) (Remand Order). On remand, Commerce conducted a (k)(2) analysis and concluded once again that the welded outlets fall within the scope of the 1992 ADD Order ("Remand Results"). (ECF No. 391-1.)

## III. JUDICIAL STANDARD

Before a case is submitted to the jury, a party may move for judgment as a matter of law. Fed. R. Civ. P. 50(a). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the

---

[1] An ADD is a tax that the Government may impose on imports that are being sold at a price lower than the cost of production or lower than the price in its country of origin. *U.S. Antidumping & Counterveiling Duty FAQs*, International Trade Administration, Department of Commerce, https://www.trade.gov/antidumping-and-countervailing-duty-frequently-asked-questions?anchor=content-node-t7-field-lp-region-2-1 (last visited Dec. 8, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). No later than 28 days after the entry of judgment, the party may file a renewed motion for judgment as a matter of law. *Id*.

A court should grant that motion only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In deciding the motion, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id*. Those functions "are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court grants judgment as a matter of law, therefore, only when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (quoting *Forrett v. Richardson*, 112 F.3d 416, 419 (9th Cir. 1997)).

A party may include "an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). In deciding a motion for a new trial, courts have discretion to weigh the evidence and assess the credibility of witnesses. *Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 190 (9th Cir. 1989). The authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

**IV.    DISCUSSION**

Sigma moves for judgment as a matter of law and alternatively, for a new trial. Sigma argues that the Remand Results establish that it did not have an obligation to pay money to the Government and that the Government did not sustain any damages. Sigma also argues that the evidence establishes that its statements to Customs were objectively reasonable and that the record contains insufficient evidence to prove each element of the FCA. Sigma's arguments present two central questions: (1) do the Remand Results preclude a finding of liability under the FCA as a matter of law?; and (2) does the evidence in the record compel the Court to reverse the judgment? The Court addresses each question in turn.

    **A.    Whether the Remand Results Preclude a Finding of Liability under the FCA**

Sigma argues that the Remand Results, which Commerce decided after this Court's order on summary judgment, make FCA liability impossible. The FCA imposes liability on anyone who "knowingly makes . . . a false record or statement material to an *obligation* to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G) (emphasis added). The statute defines an "obligation" as an "established duty." 31 U.S.C. § 3729(b)(3). According to Sigma, it never had an "established duty" to pay antidumping duties to the Government because the Remand Results state that "Commerce intends to instruct CBP to lift suspension of liquidation and liquidate such entries *without*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

*regard to antidumping duties*."[2] (Remand Results at 103 (emphasis added).) Because Customs will not assess the antidumping duties retroactively, Sigma argues that it did not have an obligation to pay money to the Government when it imported its welded outlets between 2010 and 2018.

The Court rejects Sigma's argument and finds that Commerce's regulatory scheme regarding the "suspension of liquidation" (19 C.F.R. § 351.225(*l*)) does not preclude FCA liability. The purpose of the FCA is different than the principle behind the liquidation of duties. Congress designed the FCA to prevent and punish fraud against the Government. *See United Health Servs., Inc. v. United States*, 579 U.S. 176, 182 (2016); *see also United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968) ("[T]he Act was intended to reach all types of fraud, without qualification, that might result in financial loss to the Government."). "Liquidation is a different animal—one which is unconcerned with the intent of the importer." (Order re Summ. J. at 11, ECF No. 270.) Liquidation is instead concerned with bringing "finality to the duty assessment process." *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1559 (9th Cir. 1997). Its laws are administrative, found in the Code of Federal Regulations. *See* Black's Law Dictionary (11th ed. 2019) (Administrative law is the "law governing the organization and operation of administrative agencies."). Commerce's regulatory scheme for liquidating duties should not—and does not—limit a statute that Congress passed to punish fraud against the United States.

The CIT reached a similar result in *United States v. Great Neck Saw Manufacturers, Inc.*, 311 F. Supp. 3d 1337, 1345 (Ct. Int'l Trade 2018). It held that "neither liquidation nor the general concept of 'finality' bar the recovery of duties or a civil penalty" for misconduct under 19 U.S.C. § 1592. *Great Neck Saw*, 311 F. Supp. 3d at 1345. Section 1592 prohibits importers from negligently or fraudulently depriving the United States of "any lawful duty, tax, or fee" by means of making a materially false statement or material omission. 19 U.S.C. § 1592(a)(1). Because liquidation does not bar recovery for conduct that is substantially similar to the conduct in this case and under a similar statute, liquidation also does not bar liability under the FCA. A jury could find, as it did here, liability for violations of the FCA.

Sigma further argues that even if there is FCA liability, the Court should reverse the damages award because "no antidumping duties are owed on Sigma's entries, [so] there can be no damages to the Government." (Def.'s Mot. at 10.) However, antidumping duties were owed on Sigma's entries at the time of importation. Commerce (twice) found that Sigma's welded outlets fall within the scope of the 1992 ADD Order. Therefore, at the time of importation, Sigma should have informed Customs that it owed antidumping duties on its imports. By instead informing Customs that its products were *not*

---

[2] "*Liquidation* means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1; *see generally* 19 C.F.R. § 159 (regarding liquidation of duties); 19 U.S.C. § 1504 (regarding limitation on liquidation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

subject to antidumping duties, Sigma deprived the Government of money that it was due. Notwithstanding Commerce's recent administrative decision, Sigma did owe antidumping duties to the Government at the time of importation. As this Court previously found, "to accept [Sigma's] theory of FCA damages would be to carve out from the FCA fraud by importers who have not yet received a scope ruling from Commerce that their products fall within the scope of a particular ADD order." (Order re Summ. J. at 13.) The Court declines to extend such a carveout.

### B.      Whether the Evidence in the Record Compels the Court to Reverse the Judgment

Now that the Court has found that the Remand Results do not preclude a finding of liability under the FCA, it considers whether the evidence in the record warrants reversal of the jury's verdict. To prevail on its FCA claim, Island needed to prove the following by a preponderance of the evidence: (1) Sigma made a false statement; (2) the statement was material; (3) the false statement caused the government to forfeit money that was due; and (4) Sigma acted knowingly. (Jury Instrs., No. 11, ECF No. 423.) Sigma acted knowingly if it had actual knowledge of the information, acted in deliberate ignorance, or acted in reckless disregard of its truth or falsity. (*Id.*)

Sigma argues that its interpretation of the 1992 ADD Order is "objectively reasonable," foreclosing any finding that Sigma knowingly made a false statement. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 n.20 (2007). Sigma asserts, "The record is [] irrelevant because whether Sigma's view was objectively reasonable is a question of law." (Reply to Mot. at 8, ECF No. 436 (citing *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 288 (2015)).) Sigma is wrong. The case that it cites rejected the same assertion that the issue of whether interpretation of a regulation is objectively reasonable is a pure question of law. *See Purcell*, 807 F.3d at 288 ("That question cannot readily be labeled as a 'purely legal' question."). A "jury might still find knowledge if there is interpretive guidance 'that might have warned [Sigma] away from the view it took.'" *Id.* (quoting *United States ex rel. K & L Ltd. V. Mass. Hous. Fin. Agency*, 530 F.3d 980, 983–94 (D.C. Cir. 2008)). Therefore, to justify judgment as a matter of law, Sigma "must instead show that the evidence before the jury was not sufficient for it to find that [Sigma] acted knowingly." *See id.*

Drawing all reasonable inferences in favor of Island, the Court finds that the evidence was sufficient to justify the jury's verdict. For instance, the 1992 ADD Order was evidence that Sigma was "warned away" from stating that its imports were duty-free. Testimony revealed how quickly and easily someone could obtain the 1992 ADD Order and other relevant scope rulings. Also, witnesses at trial testified that Sigma marketed its products as welded outlets, despite describing its products as "steel couplings" on its Customs form. This evidence, among other evidence presented at trial, supports a finding that Sigma deliberately or recklessly ignored the falsity of its statements that its imports were duty-free or were "steel couplings" instead of welded outlets. By finding Sigma liable under the FCA,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | December 10, 2021 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

the jury necessarily found that Sigma acted knowingly and necessarily rejected the position that Sigma's conduct was objectively reasonable.

Because the evidence sufficiently supports the jury's verdict, Sigma is not entitled to judgment as a matter of law.

### C.     New Trial

A court may grant a new trial "for any reason for which a new trial has . . . been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Thus, courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, verdicts that are against the clear weight of the evidence, excessive damages, unfair trials, and substantial errors in jury instructions. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

Finding no grounds justifying a new trial here, the Court denies Sigma's request for a new trial.

### V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Sigma's Motion.

**IT IS SO ORDERED.**