# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04393-RGK-KS | Date | May 13, 2022 |
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion for an Award of Attorneys' Fees, Costs, and Expenses [DE 458]**

## I.   INTRODUCTION

On July 10, 2019, the United States of America *ex rel.* Island Industries, Inc. ("Island") filed a first amended complaint against Vandewater International, Inc. ("Vandewater"), Neil Ruebens, Anvil International, LLC ("Anvil"), Smith Cooper International ("SCI"), Allied Rubber & Gasket Company ("ARGCO"), and Sigma Corporation ("Sigma"). (*See* FAC, ECF No. 97.) The complaint alleged violations of the False Claims Act ("FCA") (31 U.S.C. § 3729(a)(1)) and a conspiracy to violate the FCA. (*Id.*) On September 3, 2019, the Court dismissed the conspiracy claim. (Order re Mot. Dismiss, ECF No. 128.) Defendants Anvil, ARGCO, and SCI were subsequently dismissed from the action. (Dismissals, ECF Nos. 165, 338, 370.) On January 19, 2021, the Court severed the FCA claim against Defendant Sigma, and on April 30, 2021, stayed the case as to Defendants Vandewater and Reubens following their bankruptcy filings. (Order re Severance, ECF No. 359; Order re Stay, ECF No. 374.)

The case proceeded to trial on October 5, 2021, against only Sigma on the FCA claim. Island argued that Sigma violated the FCA by making false statements to avoid paying antidumping duties (taxes) on welded outlets that it imported from China. The jury found Sigma liable. (Jury Verdict, ECF No. 421.) The Court subsequently entered judgment, ordering $24,256,638.09 in damages and $1,824,145.00 in penalties. (ECF No. 454.)

Presently before the Court is Island's Motion for an Award of Attorneys' Fees, Costs, and Expenses. (*See* ECF No. 458.) For the following reasons, the Court **GRANTS** Island's Motion **in part**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-04393-RGK-KS | Date | May 13, 2022 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

## II.  DISCUSSION

Island asks for $2,677,885.88 in attorneys' fees and costs, and $231,102.99 in expenses. (Appendix to Reply, ECF No. 462.)

### A.  Attorneys' Fees and Costs

A "prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Congress, however, "has made specific provision for attorneys' fees under certain federal statutes." *Id.* at 255. One such statute is 31 U.S.C. § 3730(d)(2), a provision of the FCA. That section provides that a person bringing an FCA action shall "receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(2).

The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts use the lodestar—"the product of reasonable hours times a reasonable rate"—to calculate attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). There is a "strong presumption" that the lodestar represents a "reasonable" fee. *Id.* To determine whether to deviate from the lodestar, courts consider the factors adopted in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975).[1] The amount of fees to be awarded is ultimately within the trial court's discretion.

The parties do not dispute the hourly rates requested by Island's law firm, Mayer Brown. The Court finds the rates reasonable because they appear to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 885 n.11 (1984) ("A rate determined in this way is normally deemed to be reasonable . . . ."). As such, the requested rates will be used in the lodestar calculation.

---

[1] The *Kerr* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. However, "[a]t least one factor is no longer valid—whether the fee was fixed or contingent." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | May 13, 2022 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

With respect to the number of hours expended, Sigma argues that Mayer Brown's total amount is unreasonable for several reasons. The Court addresses Sigma's five main arguments in turn:

(1) Sigma takes issue with Mayer Brown billing in 15-minute increments, instead of in 6-minute increments, posing "a serious risk of inflating hours." (Opp'n at 4, ECF No. 461.) Sigma asks for a 20% reduction in Island's requested fee award. Notwithstanding Mayer Brown's billing practice, the Court will not apply a blanket reduction because it is not concerned with inflated hours here. Island voluntarily relinquished many of the 15-minute entries that Sigma challenged. (Reply at 5–6.) And Mayer Brown's remaining entries, (*see* Reply, Ex. 1, ECF No. 462-2), do not appear "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 1939. While there may be a "risk" of inflated hours in some circumstances, it appears that Mayer Brown exercised good "billing judgment" here. *See id.* at 1939–40.

(2) Sigma challenges Mayer Brown's "block billing" practice[2], arguing that it prevents "the Court from accurately assessing the reasonableness of the time billed . . . and the accuracy of time allocation among the various defendants." (Opp'n at 8.) Sigma requests another 20% reduction in the requested fee award. Block billing is not prohibited but may justify a reduction to a fee award when the practice results in vague time entries. *See Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1030 (C.D. Cal. 2012). The Court finds that here, Mayer Brown's time entries are sufficiently descriptive and "detailed enough for the Court to assess the reasonableness of the hours billed." *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010). This billing practice therefore does not warrant a reduction.

(3) Sigma asserts that time entries by Stephen Neilsen and Nicoleta Barac are excessive. Specifically, Sigma argues that the 93.75 hours billed by Mr. Neilsen for designing trial graphics are unreasonable because they cannot be properly categorized as attorneys' fees. The Court finds that these hours are properly categorized, but they are excessive. Twenty-five hours more reasonably reflects the time to design trial graphics (*i.e.*, make slides), warranting a reduction of $17,187.50[3]. Sigma also argues that the 159 hours that Mr. Barac billed for performing second level review of document productions are unreasonable. The Court finds that 159 hours, however, are proportional to the type of work described in the

---

[2] "Block billing" is "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

[3] 93.75 hours minus 25 hours, then multiplied by Mr. Neilsen's $250 hourly rate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | May 13, 2022 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

entries and proportional to the complexities of this case, and therefore do not warrant a reduction.

(4) Sigma argues that Island attributes excessive fees to Sigma—who represents only one of many defendants. The Court disagrees.

Island excludes from its calculation hours for work attributable only to other defendants. It then assigns a percentage to fairly allocate "common time"—that is, hours spent on work related to all claims/defendants—based on which defendants remained in the action. For instance, Island attributes 20% of the common time to Sigma through July 10, 2019 (the date that Island filed the first amended complaint); 25% through October 5, 2020 (the date that Island settled with SCI); 50% through April 29, 2021 (the date that Vandewater filed its suggestion of bankruptcy); and 100% thereafter. Sigma identifies some "erroneous entries," including "instances where tasks attributed to other defendants are not crossed out or reduced." (Opp'n at 9.) But Island has corrected many of these mistakes. (*See, e.g.*, Reply at 3 (correcting two entries that received double allocation on November 22, 2019).) The Court is satisfied that Island's allocations, although not perfect, are sufficiently fair and therefore reasonable.

(5) Sigma argues that Island should not be awarded fees for work related to the proceedings before the Department of Commerce and Court of International Trade (the "Scope Ruling Matter"), and requests a $125,037.81 reduction. The Court grants this request. Although these proceedings may be related to Island's success in the ordinary sense of the word, they are not sufficiently related to justify an award of attorneys' fees in this matter.

The total number of hours that Mayer Brown expended is therefore reasonable (not counting the total hours billed by Mr. Nielsen or those related to the Scope Ruling Matter). In calculating the total amount of fees, the Court subtracts $125,037.81 (fees related to the Scope Ruling Matter) and $17,187.50 (reduction of Mr. Neilsen's fees) from $2,677,885.88 (the fees requested). This calculation yields $2,535,660.57, which the Court finds reasonable. Litigation lasted five years and culminated in a jury trial. The legal and factual issues were relatively complex, and the motion practice was extensive. And Island/Mayer Brown achieved complete success. The Court therefore awards $2,535,600.57 in attorneys' fees and costs to Island.

   **B.   Expenses**

Island is entitled to an award of "reasonable expenses which the court finds to have been necessarily incurred." *See* 31 U.S.C. § 3730(d)(2). Island requests $231,102.99. The Court first deducts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04393-RGK-KS | Date | May 13, 2022 |
|---|---|---|---|
| Title | *United States of America ex rel. Island Indus. v. Vandewater Int'l Inc. et al* | | |

$596.09 from Island's requested amount for costs that related to the Scope Ruling Matter. The Court now finds that the remaining $230,506.90 amount is reasonable and necessarily incurred.

Island's expenses—for experts, research, travel, court costs, copying, transcripts, etc.—were expenses that would ordinarily be charged to a paying client. And their amounts do not appear excessive. Sigma specifically questioned the amount expensed for business meals, as well as the invoices submitted by Island's expert, Kelli Thompson. Island then voluntarily reduced its expenses for business meals by about $3,800, to an amount that the Court finds reasonable. As to Ms. Thompson, her invoices (including the one presented in a screenshot) appear to accurately reflect her costs, which the Court also finds reasonable.

Sigma asks the Court to deduct the expenses for transcripts because Island failed to file a Form CV-59 with the clerk within 28 days of entry of judgment. Island's failure to file this Form, however, does not preclude awarding expenses for transcripts. The Court's final judgment provides that Sigma "is liable for the costs of suit, including reasonable attorneys' fees, in an amount to be determined by motion or stipulation." (Final J., ECF No. 454.) Island has timely filed the relevant motion to determine the total amount of taxable costs and fees. A Form CV-59 was therefore not required.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Island's Motion, awarding to Island $2,535,660.57 in attorneys' fees and costs, and $230,506.90 in expenses.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | jre/k | |